UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | NO. 12-CR-40026-FDS |
| JOHN J. O'BRIEN, ET AL. | ) ) ) | |

**DEFENDANT TAVARES' MOTION IN *LIMINE* TO ALLOW EVIDENCE REGARDING AN OUT OF COURT CONVERSATION**

Defendant Elizabeth Tavares, by and through counsel, hereby respectfully requests that this Court allow counsel to elicit testimony from Deputy Commissioner Francis Wall regarding Tavares' statement she planned to testify truthfully before Independent Counsel, Paul Ware.[1]

**BACKGROUND**

Tavares' co-defendant John O'Brien was charged, tried, and acquitted for conspiracy in Suffolk Superior Court. The charge related to conduct of a similar nature to the instant indictment. During the trial, Deputy Commissioner Francis Wall, pursuant to a grant of immunity, testified against O'Brien. At one point, Wall testified he had a conversation with Deputy Commissioner Walsh[2] wherein they both agreed to say in future sworn testimony that they never received a name of a preferred ahead of a round of interviews. State Transcript, 4/8/2013 at 123. Wall conceded that this would have been a lie. *Id.* at 124. Wall believed if he and Walsh testified truthfully, then they both would be subject to potential perjury charges for

---

[1] Consistent with a pending Motion *in Limine* regarding Ware proceedings, undersigned counsel would simply refer to "at a prior proceeding."

[2] Wall and Patricia Walsh were partly responsible for the final-round interviews for the hires at issue in this case. Wall and Walsh are, therefore, very likely to be important government witnesses.

false testimony given during arbitration proceedings for grievances related to certain hires. *Id.* In this same line of questioning, Wall also testified about a conversation he said he had with Tavares wherein he asked her what she would be testifying to during her sworn testimony before Ware. Tavares explained to Wall that she would testify truthfully:

> Q: And you also had some discussion or conversation with Liz Tavares prior to Ms. Tavares being called to testify; isn't that correct?
>
> A: That would be correct.
>
> …
>
> Q: Now, focusing in on the conversation you had had with First Deputy Tavares at that time, your conversation was in relation to the interviewing process that we have just described, correct?
>
> A: Yes.
>
> Q: And she indicated to you that if she testified that she was going to testify that names were given on a routine basis?
>
> A: That is correct.
>
> Q: And then you suggested to her that if she did that it would have an adverse consequence for you and Pat Walsh because you had agreed to testify that you were not given names?
>
> A: That is correct.
>
> Q: So you were asking First Deputy Tavares not to say that she gave names on a routine basis; is that correct?
>
> A: Yes.
>
> Q: You were asking her to lie?
>
> A: That would be lying, yes.

*Id.* at 124-125. The prosecutor elicited similar testimony the next day of the trial.

Undersigned counsel will attempt to elicit testimony from Wall regarding what Tavares stated her plan was with respect to whether she would testify truthfully before Independent Counsel, Paul Ware.[3]

**ARGUMENT**

Federal Rules of Evidence 803(3) authorizes the introduction into evidence of statements that concern "the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed." The state-of-mind exception requires that the "declaration mirror a state of mind, which, in light of all the circumstances, including proximity in time, is reasonably likely to have been the same condition existing at the material time." *United States v. Rivera-Hernandez*, 497 F.3d 71, 81 (1st Cir. 2007), citing *Colasanto v. Life Ins. Co. of N. Am.*, 100 F.3d 203, 212 (1st Cir. 1996) (internal quotation marks omitted). The rationale underlying the admission of "hearsay statements evidencing state-of-mind is that such statements are reliable because of their spontaneity and [the] resulting probable sincerity." *Horton v. Allen*, 370 F.3d 75, 85 (1st Cir. 2004).

Here, Tavares' statement that she was going to truthfully testify she was given names on a routine basis plainly satisfies the requirements of Rule 803(3). It is unequivocally a statement of her present intent to perform some action in the future, namely a plan to testify truthfully. *U.S. v. Houlihan*, 871 F.Supp. 1495, 1501 (D. Mass. 1994) (statement that declarant was "going to meet" the defendant admissible under 803(3) as statement of present intent to perform a plan).

---

[3] It is unquestionably true that, regardless of the admissibility of Tavares' own statements to Wall, defense counsel may properly elicit testimony from Wall regarding that which he said during this same conversation in order to impeach him. *U.S. v. Silva*, 554 F.3d 13, 20 (1st Cir. 2009); Fed. R. Evid. 801, Notes of Advisory Committee ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay.").

There is no question that this state of mind was "reasonably likely to have been the same condition existing at the material time" because Tavares testified shortly thereafter consistent with her stated plan. Any claim by the government that Tavares' statement is self-serving should go to the weight of the evidence, not its admissibility. *See, e.g., St. Pierre v. Dyer,* 208 F.3d 394, 405 (2d Cir. 2000) ("[T]he self-serving nature of a witness's statements goes not to their admissibility but to their weight.").

## CONCLUSION

For the reasons set forth above, and in the interests of justice, Tavares respectfully requests that this Court allow undersigned counsel to elicit testimony regarding out-of-court statements made by Tavares to Francis Wall.

Dated: May 1, 2014

Respectfully submitted,
ELIZABETH TAVARES
By and through her attorneys,

/s/ *R. Bradford Bailey*
R. Bradford Bailey, BBO#549749
Jeffrey A. Denner, BBO#120520
Four Longfellow Place, 35th Floor
Boston, Massachusetts 02114
Tel.   617.227.2800
Fax    617.973.1562
bbailey@dennerlaw.com
jdenner@dennerlaw.com

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing [NEF] and paper copies will be sent to those indicated as non-registered participants.

/s/ *R. Bradford Bailey*
R. Bradford Bailey