UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | NO. 12-CR-40026-FDS |
| JOHN J. O'BRIEN, ET AL. | ) ) ) | |

**DEFENDANT TAVARES' MOTION IN *LIMINE* TO EXCLUDE
EVIDENCE OR TESTIMONY REGARDING TIMOTHY CAHILL**

Defendant Elizabeth Tavares, by and through undersigned counsel, hereby respectfully requests that this Honorable Court preclude the government from eliciting testimony or otherwise introducing evidence tending to show that the defendants in the above-captioned case helped promote a fundraiser for former Treasurer Timothy Cahill in exchange for jobs at the Treasury Department for defendant John O'Brien's wife and daughters because it is not relevant and its probative value is substantially outweighed by its prejudicial effect.

**ARGUMENT**

Federal Rules of Evidence 404(b) states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). It "prohibits evidence of prior bad acts when such evidence is introduced 'for the sole purpose of proving that a defendant had a propensity to commit a crime.'" *United States v. Doe*, 741 F.3d 217, 229 (1st Cir. 2013). The Rule provides that such evidence may be admissible against the defendant in a criminal case for certain limited purposes if the government provides pretrial notice of its

1

intention to introduce such evidence. Fed. R. Evid. 404(b)(2). "Evidence of other acts may be admissible, however, if it has 'special relevance,' such as proving 'motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'" *U.S. v. Appolon*, 715 F.3d 362, 373-72 (1st Cir. 2013), quoting *United States v. Rodríguez–Berríos,* 573 F.3d 55, 64 (1st Cir.2009) & Fed. R. Evid. 404(b)(2). The First Circuit employs a two-part test to determine whether 404(b) evidence is admissible: (1) "whether the proffered evidence truly possesses 'special relevance,'" and (2) whether the evidence passes the test set forth in Rule 403. *Appolon*, 715 F.3d at 373.

In response to a court order by Judge F. Dennis Saylor, IV, "the government filed a [notice on December 23, 2013] indicating that it intended to offer evidence of uncharged acts of misconduct but that such evidence did not implicate Rule 404(b) because it was intrinsic to the crimes charged in the Indictment." *See*, Dkt. # 368, n. 4. In other words, the government has not provided any notice regarding any "uncharged acts of misconduct" that it would offer that are not "intrinsic to the crimes charged in the indictment." However, the government is likely to elicit testimony that O'Brien, in exchange for jobs at the Treasury Department for O'Brien's family members, helped to promote a fundraiser for former Treasurer Timothy Cahill's bid for Governor of Massachusetts. *See,* Grand Jury Testimony of Edward Ryan, 6/29/2011 at 59-68.

The allegations about the promotion of a fundraiser for Cahill in exchange for jobs for O'Brien's family members within the Treasury Department is not only not "part and parcel" of the charged crimes, but also was an allegation rejected by a jury in Suffolk Superior Court last year. As the government has explained in a previous filing, "[t]he Indictment in this case charges a single RICO conspiracy spanning from at least 2000 to 2010" and is about "the defendants' effort to rig hiring in the Probation Department in order to influence members of the

legislature." Dkt. # 368.  However, these prior uncharged acts neither involve a legislator nor the hiring policies and procedures of the Probation Department.  There is simply no relationship between the crimes charged and these acts.  As a result, these acts squarely implicate Rule 404(b).

In the event that this Court determines that these acts are not "intrinsic to the crime charged," the government is likely to argue that these prior bad acts satisfy the above-mentioned two-part test employed by the First Circuit.  There is no other purpose for introducing this evidence other than to prove that O'Brien has the propensity to engage in transactions the purpose of which is to obtain employment for someone, not for reasons based on merit, but for the purpose of obtaining some benefit in return.  There is simply little probative value to this evidence other than for propensity inference.  Introduction of these acts will allow the jury to make the unwarranted inference that if he and his codefendants did something similar with Cahill, he likely did the same with members of the legislature.[1]  Therefore, to the extent the government could satisfy the "special relevance" requirement, the prejudicial effect of this evidence substantially outweighs its very limited probative value because the improper inference would be low hanging fruit for the jury to the exclusion of more nuanced inferences.

However, even if the government were able to satisfy this two-part test, this evidence should still be ruled inadmissible because the government failed to provide the defendants with timely notice of its intentions and purpose for introducing such prior bad act evidence that is not "intrinsic to the crime charged" as required by a prior court order and Rule 404(b)(2)(a).

---

[1] This improper inference will also extend to defendant Elizabeth Tavares because witnesses are likely to testify that they saw Tavares at the fundraiser for Cahill.

**CONCLUSION**

For the reasons set forth above, and in the interests of justice, Tavares respectfully requests that this Honorable Court preclude the government from eliciting testimony or otherwise introducing evidence tending to show that the defendants helped promote a fundraiser for former Treasurer Timothy Cahill in exchange for jobs at the Treasury Department for O'Brien's wife and daughters.

Dated: May 2, 2014

Respectfully submitted,

ELIZABETH TAVARES
By and through her attorneys,

/s/ R. Bradford Bailey
R. Bradford Bailey, BBO#549749
Jeffrey A. Denner, BBO#120520
Four Longfellow Place, 35th Floor
Boston, Massachusetts 02114
Tel.   617.227.2800
Fax.   617.973.1562
bbailey@dennerlaw.com
jdenner@dennerlaw.com

CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing [NEF] and paper copies will be sent to those indicated as non-registered participants.

/s/ R. Bradford Bailey