IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN J. O'BRIEN, ET AL. | No. 12-CR-40026-WGY |

**MOTION *IN LIMINE* TO PERMIT CROSS-EXAMINATION OF ELLEN SLANEY CONCERNING HER FALSE HIRING CERTIFICATIONS AS ACTING COMMISSIONER OF PROBATION**

Defendant, John J. O'Brien, through counsel, respectfully moves *in limine* to permit cross-examination of lead prosecution witness Ellen Slaney concerning false hiring certifications that *she* made while serving as the Acting Commissioner of Probation in 2013. While defense counsel believe that such cross-examination is permitted by core principles of impeachment and the Constitutional right of confrontation, they file this motion in an abundance of caution in light of the Court's rulings on related topics that post-date Mr. O'Brien's tenure as Commissioner, which ended in 2010, and in order to make a complete offer of proof to the Court.

In rulings to shape the presentation of evidence, the Court rightly has focused on the core question: whether, in appointing individuals to Probation jobs, Mr. O'Brien falsely certified to the Chief Justice for Administration and Management on standard Probation Department Human Resources forms that he had complied with the Trial Court's "Personnel Standards."

As its lead witness, the prosecution has called Ellen Slaney, a long-time Probation official who eventually was appointed Acting Commissioner after Mr. O'Brien's departure. Among other things, the government on direct examination elicited testimony about Ms. Slaney's work as Acting Commissioner in 2013.

Ms. Slaney has depicted herself in testimony as appalled by hiring practices under Mr. O'Brien that were purportedly unfair and that allegedly circumvented procedures designed to ensure "merit" selection. She also was permitted to testify in a quasi-expert capacity, based on her long experience, concerning Probation Department structure, documentation, and procedures. Among other things, the government introduced through Slaney excerpts from the Personnel Manual and the hiring certification form that the Commissioner must submit in connection with appointments. The government also elicited Slaney's personal "understanding" that the language concerning compliance with "personnel standards" on the certification form incorporates all aspects of the Manual, including the hortatory language about "merit" hiring. In short, the government has introduced the core elements of its case through Slaney, cloaked in the imprimatur of her experience as the Acting Commissioner of Probation in 2013. It is critical that the defense be permitted to impeach this testimony, including confrontation of Slaney concerning her actual work and conduct as Acting Commissioner.

Specifically, on cross-examination, the defense is prepared to confront Slaney with the following:

- Slaney appointed numerous individuals, both new hires and promotions, to jobs in the Probation department during her tenure as Acting Commissioner in 2013.

- In making these appointments, Ms. Slaney submitted a cover letter and the *identical* certification form that Mr. O'Brien submitted in connection with his appointments.[1] In the cover letter, Ms. Slaney declared that the appointment was being made pursuant to M.G.L. c. 276, § 83. In the certification, Ms. Slaney stated, as Mr. O'Brien had done before her, that she had complied with the Trial Court's Personnel Standards. A sample is attached as Exhibit A.

---

[1] Due to an administrative change within AOTC adding the position of Court Administrator, Ms. Slaney submitted this paperwork to Court Administrator Harry Spence instead of Chief Justice Mulligan.

- Ms. Slaney's statements were false.[2] In 2011, M.G.L. c. 276, § 83 was amended, among other things, to require the administration of a written examination as an initial screening mechanism for both new hires and promotions in Probation. The ATOC Manual was also amended to incorporate the examination requirement. *See* § 4.302B of the amended AOTC manual, available at <http://www.mass.gov/courts/docs/admin/hr/ppp/s04.pdf>. Yet no tests actually were administered to any of the employees that Ms. Slaney appointed in 2013. She nevertheless stated that her appointments were made pursuant to the law and she certified her compliance with AOTC personnel standards.

Slaney thus lied repeatedly on the very same certification form that is at issue in each of the mail fraud substantive counts and racketeering acts that Mr. O'Brien is charged with. And Slaney lied about her compliance with a state *statute*, in contrast to Mr. O'Brien, who is alleged merely to have made misrepresentations about a "merit" hiring *policy*.

The defense should be permitted to cross examine Slaney about these facts.[3] That she has engaged with impunity in misrepresentations more culpable than those allegedly committed by Mr. O'Brien is relevant to impeach her credibility and to establish bias — the fact that she has not been prosecuted is an enormous reward and inducement from the government.

---

[2] Assuming, *arguendo*, as the government, the indictment, and Slaney necessarily do, that "Personnel Standards" incorporates all aspects of the Manual.

[3] While brief mention of the amendments to the statute and manual would be necessary as background, the defense would not be using those changes as evidence of a "subsequent remedial measure," which the Court was inclined to exclude. Respectfully, moreover, the body of law surrounding "subsequent remedial measures" and Fed. R. Evid. 407 should not preclude defense use of this information. Rule 407, and the common law principles behind it, are aimed at preventing subsequent remedial measures from being used to prove, *inter alia*, "*culpable* conduct." Here, in contrast, the defense would be using the subsequent revisions to the statute and manual to highlight the fact that they lacked criminal intent and their conduct was *not* culpable.

                        Respectfully submitted,

                        JOHN J. O'OBRIEN
                        by his attorneys

                        /s/ William Fick
                        Stylianus Sinnis, Esq.
                        William W. Fick, Esq.
                        Christine DeMaso, Esq.
                        FEDERAL PUBLIC DEFENDER OFFICE
                        51 Sleeper Street, 5th Floor
                        Boston, MA 02210
                        617-223-8061

**Certificate of Service**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 9, 2014 .

                        /s/ William Fick