IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN J. O'BRIEN, ET AL. | No. 12-CR-40026-WGY |

**MOTION *IN LIMINE* CONCERNING HIRING OF KELLY MANCHESTER, TESTIMONY OF THERESA NOWELL, AND HEARSAY OF STEPHEN PRICE**

Defendant, John J. O'Brien, through counsel, respectfully moves *in limine* to exclude certain irrelevant and inadmissible testimony collateral to the "charged" hire of Kelly Manchester, as set forth below. Specifically, the Court should exclude evidence and testimony of:

- Events leading to Ms. Manchester's *earlier, uncharged* hiring as an Administrative Assistant in the Office of Community Corrections ("OCC"), since the executive director of that office appoints employees (subject to approval by the CJAM) directly, *not* through the Office of the Commissioner of Probation; and

- Certain hearsay statements allegedly made by OCC Executive Director Stephen Price to Theresa Nowell, a constituent services aide to state Senator Mark Montigny, since the government does *not* claim that Price is an unindicted co-conspirator.

**Background and Argument**

Count 6 of the pending indictment is a mail fraud charge relating to Ms. Manchester's hire as a Probation Officer in the Worcester Probate and Family Court in April 2008. At the time Ms. Manchester applied for this job, she was already working as an administrative Assistant in the Office of Community Corrections.

The Office of Community Corrections is established by statute, M.G.L. c. 211F, §§ 1 *et seq*. While OCC exists under the auspices of Probation, it is led by a separate executive director. The executive director of OCC, in turn, appoints OCC employees directly, subject to approval by

1

the CJAM.  In other words, the Commissioner of Probation is *not* the appointing authority for OCC employees.  OCC employees are managed by the human resources office of AOTC, not the human resources office of Probation.

At relevant times, Stephen Price served as director of OCC.  On November 30, 2007, Price appointed Kelly Manchester as an administrative assistant in OCC and certified to CJAM Mulligan that the appointment was made pursuant to Trial Court policies and procedures.  *See* Ex. A (filed under seal pursuant to protective order)[1].  CJAM Mulligan approved the appointment by letter to Price dated December 4, 2007.  *See* Ex. B (filed under seal pursuant to protective order).

Later, Ms. Manchester applied for a position as a probation officer in Bristol Probate and Family Court.  Mr. O'Brien selected her for appointment to that position, which was approved by CJAM Mulligan on April 11, 2008.  This is the hiring decision charged in Count 6.

The government has given notice that it intends to elicit testimony from Theresa Nowell, who was at relevant times a constituent services aide to state Senator Mark Montigny.  Ms. Nowell is expected to testify that she assisted Ms. Manchester in applying for both the administrative assistant and probation officer positions, and had various conversations with Stephen Price in the process of doing so.

The Court should preclude the government from eliciting testimony about the OCC administrative assistant hiring process because that hire is not charged in the indictment and Mr. O'Brien was not the appointing or certifying authority for that hire.  In addition, the Court should

---

[1] The Protective Order entered in this case requires all materials produced by the government in discovery to be filed under seal in the first instance.  However, undersigned counsel has filed a motion to unseal these exhibits as there is no valid reason to keep them sealed in light of the First Circuit's decision in *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013).

preclude the government from eliciting hearsay statements allegedly made by Price to Nowell because Price is *not* alleged by the government to be a co-conspirator.

## Conclusion

For the foregoing reasons, this Court should grant the defendant's motion *in limine*.

Respectfully submitted,

JOHN J. O'OBRIEN
by his attorneys

/s/ William Fick
Stylianus Sinnis, Esq.
William W. Fick, Esq.
Christine DeMaso, Esq.
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 21, 2014
.

/s/ William Fick

preclude the government from eliciting hearsay statements allegedly made by Price to Nowell because Price is *not* alleged by the government to be a co-conspirator.

## Conclusion

For the foregoing reasons, this Court should grant the defendant's motion *in limine*.

Respectfully submitted,

JOHN J. O'OBRIEN
by his attorneys

/s/ William Fick
Stylianus Sinnis, Esq.
William W. Fick, Esq.
Christine DeMaso, Esq.
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 21, 2014
.

/s/ William Fick