IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

JOHN J. O'BRIEN, ET AL.

No. 12-CR-40026-WGY

**MOTION *IN LIMINE* TO ADMIT GOVERNMENT LETTER(S) IDENTIFYING ALLEGED CO-CONSPIRATORS AS PARTY-OPPONENT STATEMENTS**

Defendant, John J. O'Brien, through counsel, respectfully moves *in limine* to admit into evidence the letter(s) from the prosecutors to defense counsel that identify alleged unindicted co-conspirators. These letters are admissible as statements of a party-opponent, Fed. R. Evid. 801(d)(2), and are relevant as evidence of the nature and magnitude of promises, rewards, and inducements that the government has afforded to witnesses named in the letter(s) who have not been prosecuted. Defense counsel recognize that the Court previously declined a request by attorney Amabile, counsel for Mr. Burke, to admit one of the letters, stating that that the government is not a "party opponent." Undersigned counsel respectfully request that the Court reconsider its ruling based on the authority cited herein and consistent with its own prior practice in at least two cases of which undersigned counsel are aware.

**Argument**

The government's letter(s) identifying unindicated co-conspirators is (are) admissible under Fed. R. Evid. 801(d)(2). That rule permits admission of certain statements that are not considered hearsay, including when:

> The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (c) a statement by a person authorized by the party to make a statement concerning the subject, or (D)

1

a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship[.]

Although Rule 801(d)(2) is captioned "Admission by party-opponent," the rule on its face only requires that it is offered against the party who made it.  The First Circuit has held that statements offered under this rule "need not have been against interest when made, need not be based on personal knowledge and may be in the form of an opinion." *United States v. Rios Ruiz*, 579 F.2d 670, 676 (1st Cir. 1978); *see also Marquis Theater Corp. v. Condado Mini Cinema*, 846 F.2d 86, 90 n.3 (1st Cir. 1988); *United States v. Barletta*, 652 F.2d 218, 219 (1st Cir. 1981) ("a statement need not be inculpatory or against interest to be admissible under Rule 801(d)(2)").

Statements by federal prosecutors and other officials of the U.S. Department of Justice – even when made in a different criminal or civil case –  are admissions by a party-opponent in a criminal prosecution.  *See United States v. Kattar*, 840 F.2d 118, 130 (1st Cir. 1988) (holding that district court's exclusion of statements made by government attorneys in other cases was error, but harmless).  In *Kattar*, the defendant sought admission of statements made in briefs the government had filed in other cases, arguing that they were admissible under Fed. R. Crim. P. 801(d)(2)(D).  The court held:

> We need not deduce the scope of Rule 801(d)(2)(D), however, because the statements here were admissible under Rule 801(d)(2)(B) as statements of which the party-opponent "has manifested an adoption or belief in its truth." The Justice Department here has, as clearly as possible, manifested its belief in the substance of the contested documents; it has submitted them to other federal courts to show the truth of the matter contained therein. We agree with Justice (then Judge) Stevens that the assertions made by the government in a formal prosecution (and, by analogy, a formal civil defense) "establish the position of the United States and not merely the views of its agents who participate therein." *United States v. Powers*, 467 F.2d 1089, 1097 n.1 (7th Cir. 1972) (Stevens, J., dissenting).

*Id*. at 131.  The court noted that, "because the prior assertions were made by representatives of the specific party-opponent (the Justice Department) itself, they might be admissible as the party's own statements under Rule 801(d)(2)(A)." *Id*. at 131 n.9.

Undersigned counsel are aware of at least two prior occasions in which this Court has admitted into evidence statements by prosecutors contained in discovery letters.  In *United States v. Owens*, 95-CR-10397-WGY, this Court read a portion of a letter from the prosecutor recounting a witness statement as a stipulation (even though the prosecutor claimed the statement had been made in error):

> MR. SHEKETOFF:  . . . . We have a letter that was sent to us as part of the discovery obligations the government felt it had, signed by Mr. Heinrich, so I think this is an admission of a party in which he describes what Keillen Smith said after his guilty plea in a debriefing that Mr. Heinrich was present at, and it's just this little sentence that I'm interested in.
>
> THE COURT:  In late October Smith traveled with Nate, down through where he stayed until sometime in November?
>
> MR. SHEKETOFF:  Right.
>
> THE COURT:  Why don't I read it and stipulate that Smith said it to the agents?
>
> MR. HEINRICH:  It's my mistake, that's --
>
> THE COURT:  Too late, isn't it?
>
> MR. HEINRICH:  I suppose.  But I don't --
>
> THE COURT:  I mean it, this really is a judicial admission.  All we're stipulating is that he said it.  But you don't want to stipulate to that because you say that it's an error?
>
> MR. HEINRICH:  That's right.
>
> THE COURT:  Well, can we stipulate that the government in its, in discharging --
>
> MR. HEINRICH:  We --

> THE COURT:  -- discovery obligations sent a letter saying that among the things Smith had said, and then I'll read the sentence.
> 
> . . . .
> 
> THE COURT:  . . . . I think I've got a stipulation, and here it is. Counsel have mentioned to you, or questions have suggested, and I will tell you that as part of the preparation for trial the government makes, under the rules of court it makes discovery to the defense, that is, it turns over to the defense various materials which the rules require to be turned over so that the defense knows various things that the government says that the witnesses that it will call are going to say and various other things.
> 
> The stipulation is this. As part of discharging its discovery obligations, the government sent to the defense lawyers a letter. In that letter they were describing things that Keillen Smith said. And one of the things that the government said to the defense that Keillen Smith had said to them, or their agents, was this: In late October Smith traveled with Nate, also known as Tony, in Smith's BMW to Atlanta, Georgia, where he stayed until sometime in November.

*Owens*, 3/13/97 Tr. at 16-20.[1] Likewise, in *United States v. Aviles* 08-CR-10110-WGY, this Court admitted a discovery letter from the government into evidence. *See* Dkt # 44 (exhibit list; admitted exhibit number 23 identified as "letter").

---

[1] In *Owens*, since only a single statement in the letter was at issue, reading that statement into evidence as a stipulation was appropriate in lieu of admitting the entire letter. Here, however, the entire document should be entered into evidence so that the jury may have access to the complete, lengthy list of unindicted co-conspirators identified therein.

**Conclusion**

For the foregoing reasons, this Court should grant the defendant's motion *in limine*.

Respectfully submitted,

JOHN J. O'OBRIEN
by his attorneys

/s/ William Fick
Stylianus Sinnis, Esq.
William W. Fick, Esq.
Christine DeMaso, Esq.
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 29, 2014
.

/s/ William Fick