UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 12-40026-WGY |
| | ) | |
| JOHN J. O'BRIEN, | ) | |
| ELIZABETH V. TAVARES, and | ) | |
| WILLIAM H. BURKE, III, | ) | |
| | ) | |
| Defendants. | ) | |

GOVERNMENT'S REQUEST TO CHARGE

The Government respectfully requests that the Court include the First Circuit Pattern Jury Instruction for co-conspirator liability in its charge to the jury in the case at bar. A copy of the charge is attached hereto. In support of this request, the government submits that the defendants' conduct in orchestrating a wide ranging scheme which necessitated the participation of numerous individuals operating at the direction of the defendants is the paradigm example when such a charge is appropriate and necessary.

In Pinkerton v. United States, 328 U.S. 640 (1946), the Supreme Court established that a defendant may be held liable for the substantive crimes committed by his co-conspirators in furtherance of their conspiracy. The facts of Pinkerton help explicate the lasting standard set by this case. Pinkerton involved two brothers, Daniel and Walter, each charged with one count of conspiracy and ten substantive crimes related to violations of the Internal Revenue Code. Id. at 641. The defendants appealed alleging that there was "no evidence to show that Daniel participated directly in the commission of the substantive offenses on which his conviction has been sustained." Id. at 642, 645. The Court held that "each petitioner could be found guilty of the substantive offenses; if it was found at the time those offenses were completed petitioners

were parties to an unlawful conspiracy and the substantive offenses charged were in fact committed in furtherance of it." Id. at 645.

The First Circuit has held that, "[u]nder the Pinkerton theory a conspirator may be subjected to vicarious criminal liability for a substantive crime committed by a co-conspirator in effecting their conspiracy." United States. v. Sanchez, 917 F.2d 607, 612 (1st Cir. 1990).  In order to properly apply Pinkerton liability, the prosecution must first meet the prerequisite requirements of establishing a conspiracy.  See Pinkerton, 328 U.S. at 642.  Because the "essence of a conspiracy is the agreement to commit a crime," the prosecution must prove that a conspiracy actually existed, through which the defendant and a co-conspirator agreed to commit a crime.  United States v. Potela, 167 F.3d 687, 695, 701 (1st Cir. 2009).  The jury must find that the defendant willfully joined in this agreement.  See United States v. Monteiro, 871 F.2d 204, 208 (1st Cir. 1989) ("So if a Defendant, or any other person, with an understanding of the unlawful character of a plan, knowingly encourages, advises or assists, for the purpose of furthering the undertaking or scheme, he thereby becomes a willful participant - a conspirator").

In order for a co-conspirator to be held liable for the related substantive crime, the prosecution must prove that the substantive crime committed by the co-conspirator was "reasonably foreseeable in furtherance of the conspiracy." United States v. Vasquez-Castro, 640 F.3d 19, 24 (1st Cir. 2011).  Additionally, the defendant must have been a member of the conspiracy at the time that the substantive crime was committed. See United States v. O'Campo, 973 F.2d 1015, 1021 (1st Cir. 1992) ("[a]n individual cannot . . . be held reasonably to have 'foreseen' actions which occurred prior to his entrance in the conspiracy").  Finally, the defendant must not have made an affirmative withdrawal from the group prior to the commission of the crime. See United States v. Rogers, 102 F.3d 641, 644 (1st Cir. 1996) (observing that

withdrawal "may insulate [defendant] from <u>Pinkerton</u> liability for substantive crimes of others that occur after his withdrawal.").

To prove there was an agreement to commit a crime, the government must show both intent to agree and intent that the crime be committed. <u>See</u> <u>United States v. Rivera-Santiago</u>, 872 F.2d 1073, 1079 (1st Cir. 1989).  To accomplish this, the government may present direct or circumstantial evidence. <u>See</u> <u>Sanchez</u>, 917 F.2d at 610.  This Circuit has noted that "due to the clandestine nature of criminal conspiracies . . . the illegal agreement may be either 'express or tacit' and that a 'common purpose and plan may be inferred from a development and collocation of circumstances.'" <u>Id.</u> (quoting <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942)).

The government does not need to prove that every detail of the plan was agreed upon or that the defendant was aware of the entire plan at the time of agreement. <u>See</u> <u>Rivera-Santiago</u>, F.2d at 1079. Rather, "all that is required is to show 'the essential nature of the plan and their connections with it.' " <u>Id.</u>  (quoting <u>Blumenthal v. United States</u>, 332 U.S. 539 (1947)). In fact, "the conspiratorial agreement need not be express so long as its existence can plausibly be inferred from the defendants' words and actions and the interdependence of activities and persons involved." <u>United States v. Boylan</u>, 898 F.2d 230, 241-242 (1st Cir. 1990).

Upon establishing the existence of a conspiracy, the government must present evidence of the scope of the conspiracy in order to establish whether the commission of the crime by a co-conspirator was both foreseeable and in furtherance of the conspiracy. <u>See</u> <u>U.S. v. Rivera-Santiago</u>, F.2d at 1079 ("actions as well as words of co-conspirators are evidence of existence and scope of conspiracy."); <u>see</u> <u>also</u>, <u>Pinkerton</u>, 328 U.S. at 648 (commission of substantive offense must be "reasonably foreseen as a necessary or natural consequence of the unlawful agreement."). This evidence must meet the general benchmark that the charged conspiracy is

sufficiently linked to the relevant substantive offenses.  See United States v. Torres, 162 F.3d 6, 10 (1st Cir. 1998).  See also, United States v. Wester, 90 F.3d 592, 592 (1st Cir. 1996) ("because Wester argued that he was unaware of many acts undertaken by his co-conspirators . . . . a Pinkerton instruction was especially apt").

Other Circuits have routinely approved Pinkerton charges in conspiracy cases.  See United States v. Boyd, 222 F.3d 47, 49 (2nd Cir. 2000) (Defendant held substantively liable for sales of stolen gems made by her co-conspirators);  United States v. Gleason, 616 F. 2d. 2, 20 (2nd Cir. 1980; United States v. Moran, 493 F. 3d 1002, 1007 (9th Cir. 2007); United States v. Pierce, 479 F.3d 546, 550-551 (8th Cir. 2007); United States v. Manges, 110 F.3d 1162, 1177-1178  (5th Cir. 1997).

In the case at bar, the defendants instituted a broad scheme which involved the participation of numerous subordinates.  In such a case, it is not unusual that the defendants did not participate in all the conduct necessary to accomplish the goals of the conspiracy.  Moreover, it would have been physically impossible for the defendants themselves to participate in every interview panel that was conducted between 2000 and 2010 in furtherance of this scheme.  The goals of the conspiracy were fairly singular, i.e., to hire politically sponsored candidates by passing the names of those candidates to members of interview panels to ensure that those candidates made it to the final interview where the results were skewed in order to substantiate the hiring decisions made by the defendant O'Brien.  The motive underlying this conspiracy was similarly fairly singular, i.e., to respond to legislative hiring requests to obtain favorable treatment regarding budgets and other legislation affecting the operation of the Probation Department.  It was reasonably foreseeable to the defendants that individuals would be hired

pursuant to this scheme and that the mails would be used during the course of the scheme even if the defendants did not personally participate in the particular hire at issue.

For the reasons set forth above, the Government respectfully requests that the Court include the attached instruction in its final charge to the jury in the case at bar.

Respectfully submitted,

Carmen M. Ortiz
United States Attorney

By:     /s/ Fred M. Wyshak, Jr.
         Fred M. Wyshak, Jr.
         Karin M. Bell
         Robert A. Fisher
         Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I, Fred M. Wyshak, Jr., Assistant United States Attorney, do hereby certify that this document, was filed on the above date through the ECF system which sends copies electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

/s/ Fred M. Wyshak, Jr.
Fred M. Wyshak, Jr.
Assistant U.S. Attorney