UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 12-40026-WGY |
| | ) | |
| JOHN J. O'BRIEN, | ) | |
| ELIZABETH V. TAVARES, and | ) | |
| WILLIAM H. BURKE, III, | ) | |
| | ) | |
| Defendants. | ) | |

## GOVERNMENT'S SUPPLEMENTAL REQUEST TO CHARGE

The Government has requested that the Court include the First Circuit Pattern Jury Instruction for co-conspirator liability in its charge to the jury in the case at bar. (See Dkt. #508.) The Government files this supplemental request in response to the Court's question regarding the proper interpretation of the legal standard of "reasonable foreseeability."

Black's Law Dictionary (9th ed. 2009) defines the "Pinkerton Rule" as follows,

> The doctrine imposing liability on a conspirator for all offenses committed in furtherance of the conspiracy, even if those offenses are actually performed by coconspirators.

In practice, partly because "reasonable foreseeability" effectively changes the standard from subjective foreseeability to objective foreseeability, "reasonable foreseeability" has been construed quite broadly. See United States v. Patriarca, 912 F. Supp. 596, 608 (D. Mass. 1995) ("the court must decide if [the criminal activity] likely would have been foreseeable by a reasonable person in the defendant's shoes at the time of his . . . agreement.")

The law is clear that a coconspirator is liable for the substantive crimes committed by other members of the conspiracy notwithstanding that coconspirator's non-participation in the

offense or lack of knowledge thereof.  See <u>United States v. Mothersill</u>, 87 F.3d 1214, 1218 (11th Cir. 1996).  The Supreme Court explained this concept in its decision in <u>Pinkerton</u>,

> And so long as the partnership in crime continues, the partners act for each other in carrying it forward.  It is settled that 'an overt act of one partner may be the act of all without any new agreement specifically directed to that act.'  Motive or intent may be proved by the acts or declarations of some of the conspirators in furtherance of the common objective.  A scheme to use the mails to defraud, which is joined in by more than one person, is a conspiracy.  **Yet all members are responsible, though only one did the mailing.**  The governing principle is the same when the substantive offense is committed by one of the conspirators in furtherance of the unlawful project.  The criminal intent to do the act is established by the formation of the conspiracy.  Each conspirator instigated the commission of the crime.  The unlawful agreement contemplated precisely what was done.  It was formed for the purpose.  The act done was in execution of the enterprise. (emphasis added)

<u>United States v. Pinkerton</u>, 328 U.S. 640, 646-647 (1946).

The facts in <u>United States v. Boyd</u>, 222 F.3d 47 (2nd Cir. 2000) are illustrative.  In <u>Boyd</u>, the defendant was part of a telemarketing scheme to sell investment-grade gems at vastly inflated prices.  The defendant only sold gems in four charged transactions, but was also convicted of additional substantive counts relating to the sales made by her eight other co-defendants. In upholding the application of Pinkerton liability, the Second Circuit reasoned that, "[defendant] was a member of the conspiracy; that her offense was committed pursuant to the common plan of the conspiracy; and that she could reasonably have foreseen that a co-conspirator would commit the substantive offense."  <u>Id</u>. at 51.

In <u>United States v. Gleason</u>, 616 F. 2d. 2 (2nd Cir. 1980) the defendants, high-ranking officers of a national bank, were convicted of "making false entries in bank records with intent to

defraud and conspiring to perpetuate such frauds on the federal Government, bank shareholders and protective lenders." Id.  In upholding the conviction the Court explained,

> Although there was little evidence of Luftig's knowledge of or participation in the fictitious foreign exchange transactions or of Gleason's participation in the false evaluation of the bank's trading account securities, there was ample proof, crediting as we must the testimony of Crosse and Shaddick, that each defendant in his own way joined in a scheme to falsify the bank's earnings statement.

Id. at 19.

Thus, in the case at bar where each defendant joined in the scheme to defraud, the government need not prove that each defendant engaged in or had knowledge of the acts constituting the object offenses  -- only that it was reasonably foreseeable that some member of the conspiracy would engage in those acts.

Respectfully submitted,

Carmen M. Ortiz
United States Attorney

By:     /s/ Fred M. Wyshak, Jr.
        Fred M. Wyshak, Jr.
        Karin M. Bell
        Robert A. Fisher
        Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ Fred M. Wyshak, Jr.
FRED M. WYSHAK, JR.
Assistant U.S. Attorney