UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|  | ) | |
| v. | ) | Criminal No. 12-40026-WGY |
|  | ) | |
| JOHN J. O'BRIEN, | ) | |
| ELIZABETH V. TAVARES, and | ) | |
| WILLIAM H. BURKE, III, | ) | |
|  | ) | |
| Defendants. | ) | |

GOVERNMENT'S REQUEST TO CHARGE
REGARDING MAIL FRAUD

The Government respectfully requests that the Court include the following language in its charge to the jury regarding mail fraud.

> "It is not necessary to establish that the intended victim was actually defrauded." United States v. Allard, 926 F.2d 1237, 1242 (1st Cir. 1991) (citations omitted). Mail fraud does "not require that the victims be pure of heart." United States v. Camuti, 78 F.3d 738, 742 (1st Cir. 1996). There is no requirement that the person deceived be the same person who is deprived of money or property. United States v. Christopher, 142 F.3d 46, 53-54 (1st Cir. 1998). There is no requirement that the conspirators know the identity of the fraud victim, only that there be a scheme to defraud. United States v. Tum, 2013 WL 388002, at *7 (1st Cir. Feb. 1, 2013).

Pattern Criminal Jury Instructions for the District Courts of the First Circuit at 161 (2014), Comment 9.

Judge Saylor addressed these issues in his Memorandum and Order on Defendants' Motion for Recusal:

> To the extent that defendants seek to establish that Judge Mulligan and Chief Justice Marshall are biased witnesses, Ware's testimony will either be unnecessary or relatively narrow, as noted above. **To the extent that defendants seek to establish that Judge Mulligan and Chief Justice Marshall knew about the charged hiring practices, and were not actually deceived or victimized by the scheme, that evidence is likely to be irrelevant.** See, e.g., United States v. Camuti, 78 F.3d 738, 742 (1st Cir.1996) (noting that the crime of mail fraud "[does] not require that the victims be pure of heart or even that they have been effectively deceived by the charged misrepresentations," and that "[m]ateriality

> issues aside, all that matters is that the representations were deliberately made by the defendant"); United States v. Allard, 926 F.2d 1237, 1242 (1st Cir.1991) (noting that "[i]t is not necessary to establish that the intended victim [of a mail fraud] was actually defrauded") (emphasis in original); System Management, Inc. v. Loiselle, 112 F.Supp.2d 112, 114–15 (D.Mass.2000) (detrimental reliance is not an element of the crime of mail fraud); Sebago, Inc. v. Beazer East, Inc., 18 F.Supp.2d 70, 82 (D.Mass.1998) (same); see also United States v. Brien, 617 F.2d 299, 311 (1st Cir.1980) ("If a scheme to defraud has been or is intended to be devised, it makes no difference whether the persons the schemers intended to defraud are gullible or skeptical, dull or bright."). In any event, Ware will not be permitted to opine as to their motives in hiring him.

Mem. Defs.' Mot. for Recusal at 16 (Dkt. #261) (emphasis added).

Respectfully submitted,

Carmen M. Ortiz
United States Attorney

By: /s/ Fred M. Wyshak, Jr.
Fred M. Wyshak, Jr.
Karin M. Bell
Robert A. Fisher
Assistant U.S. Attorneys

Dated: July 11, 2014

# CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ Fred M. Wyshak, Jr.
FRED M. WYSHAK, JR.
Assistant U.S. Attorney