UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | NO. 12-CR-40026-WGY |
| **JOHN J. O'BRIEN, ET AL.** | ) ) ) | |

**DEFENDANT TAVARES' OPPOSITION
TO GOVERNMENT'S REQUEST TO CHARGE**

Defendant Elizabeth Tavares, by and through undersigned counsel, hereby respectfully moves this Honorable Court to deny the government's request to include the First Circuit Pattern Jury Instruction for co-conspirator liability in its charge to the jury in the case at bar. *See* Dkts. # 508, 533.

Although the government is correct that a *Pinkerton* charge may be appropriate in some cases, it is inappropriate here. The comment to the First Circuit's Pattern Jury Instructions states that, as a general matter, "that a Pinkerton instruction 'should not be given as a matter of course.'" First Circuit Pattern Jury Instruction § 4.18.371(2), cmt. (5) (quoting *United States v. Vázquez-Castro*, 640 F.3d 19, 25 (1st Cir. 2011)). In "marginal cases," a district court should refrain from giving a *Pinkerton* charge. *U.S. v. Hansen*, 434 F.3d 92, 104 (1st Cir. 2006) (citing *United States v. Sanchez*, 917 F.2d 607, 612 n.4 (1st Cir.1990). This is just such a case; when various substantive offenses are in issue and the government concentrates its proof on the substantive offenses rather than the conspiracy, there is undue risk that the jury will draw the inverse of the Pinkerton inference. Although the First Circuit has expressed some skepticism with this argument, *see United States v. Wester,* 90 F.3d 592, 597 (1st Cir. 1996), this Court enjoys

1

substantial discretion to decide how to formulate its instructions.  *U.S. v. Colon*, 744 F.3d 752, 758 (1st Cir. 2014).

In terms of forseeability, the appropriateness of a *Pinkerton* instruction is diminished where, as here, the government failed to provide any proof as to when Tavares joined the alleged conspiracy.  *See United States v. O'Campo*, 973 F.2d 1015, 1021 (1st Cir. 1992) ("An individual cannot in any sensible use of the words be held reasonably to have "foreseen" actions which occurred prior to his entrance in the conspiracy and thus are historical in nature.").  No evidence was introduced indicating when she first made this alleged agreement, when she took her first act in furtherance of it, or when she even became aware of its existence.  It is, therefore, *particularly* dangerous giving a *Pinkerton* instruction, because of the high likelihood that the jury may inappropriately attribute to her crimes committed before she even joined the alleged conspiracy.

WHEREFORE, Tavares respectfully requests this Honorable Court to deny the government's request to instruct the jury on *Pinkerton* liability.

Dated: July 14, 2014                                           Respectfully submitted,

                                                                      ELIZABETH TAVARES
By and through her attorneys,

/s/ R. Bradford Bailey
R. Bradford Bailey, BBO#549749
Jeffrey A. Denner, BBO#120520
Adamo L. Lanza, BBO#689190
Four Longfellow Place, 35th Floor
Boston, Massachusetts 02114
Tel.    617.227.2800
Fax.   617.973.1562
bbailey@dennerlaw.com
jdenner@dennerlaw.com
alanza@dennerlaw.com

CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing [NEF] and paper copies will be sent to those indicated as non-registered participants.

/s/ Adamo Lanza