# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

<table>
<tr><td>

**UNITED STATES OF AMERICA**

**v.**

**JOHN J. O'BRIEN, ET AL.**

</td><td>

)
)
)
)
)
)
)

</td><td>

**NO. 12-CR-40026-WGY**

</td></tr>
</table>

### DEFENDANT TAVARES'
### PROPOSED JURY INSTRUCTIONS

Defendant Elizabeth Tavares, by and through undersigned counsel, hereby respectfully moves, pursuant to Fed. R. Crim. P. 30(a), this Honorable Court to instruct the jury on the law and facts of this case as follows:[1]

## I.      PRESUMPTION OF INNOCENCE, BURDEN OF PROOF

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent.  The presumption is not a mere formality.  It is a matter of the most important substance.

An indictment is nothing more than an accusation.  It is not evidence.  All it does is bring the charges before you, the jury, for your consideration and determination.  You are not to consider the fact that an indictment has been brought as bearing in any way on the guilt or non-guilt of Ms. Tavares.  A defendant, although accused, begins the trial with a clean slate, with no

---

[1] Tavares reserves the right to file additional submissions supplementing or amending hers jury instructions.

evidence against him.  And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against a defendant.

So the presumption of innocence alone is sufficient to acquit Ms. Tavares unless you are satisfied beyond a reasonable doubt of her guilt after a careful and impartial consideration of all the evidence in the case.

The presumption of innocence means that the burden of proof is always on the government to satisfy you that Ms. Tavares is guilty of the crimes with which she is charged beyond a reasonable doubt.  This burden never shifts to the defendant.  It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.  Ms. Tavares has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged.

As I have said, the burden is upon the government to prove beyond a reasonable doubt that Ms. Tavares is guilty of the charges made against her.  It is a strict and heavy burden, but it does not mean that her guilt must be proved beyond all possible doubt.  It does require that the evidence exclude any reasonable doubt concerning hers guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence or because you do not accept the evidence that was offered.  Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture.  If, for example, you view the evidence in the case as reasonably permitting either of two conclusions - one that the defendant is guilty as charged, the other that the defendant is not guilty - you will

find Ms. Tavares not guilty.  Put another way, if the evidence supports equally, or near equally, a theory of guilt or a theory of innocence, you must find Ms. Tavares innocent.

It is not sufficient for the government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true.  That is not enough to meet the burden of proof beyond a reasonable doubt.  On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

I instruct you that what the government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it.  If you so find as to a particular charge against a defendant you will return a verdict of guilty on that charge.  If you think there is a reasonable doubt about whether Ms. Tavares is guilty of a particular offense, you must give her the benefit of the doubt and find her not guilty of that offense.

The government has the burden of proving every element of the charge against Ms. Tavares beyond a reasonable doubt.  If it fails to do so, you must return a verdict of not guilty. This burden remains with the government throughout the entire trial and never shifts to the defendant.  Ms. Tavares is never required to prove that he is innocent and he need not present any evidence for you to find her not guilty.  The presumption of innocence alone is sufficient for you to conclude after careful and impartial consideration of all the evidence that Ms. Tavares is not guilty.

Adapted from: First Circuit Pattern Instruction § 3.02; *United States v. Cleveland,* 106 F.3d 1056, 1062-63 (1st Cir. 1997) (approving charge given by Judge Keeton); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Fifth Ed., vol.1A, § 12.10

## II.      WHAT IS NOT EVIDENCE

Certain things are not evidence. I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

3.  Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

4.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

5.  The indictment is not evidence. This case, like most criminal cases, began with an indictment. You will have that indictment before you in the course of your deliberations in the jury room. That indictment was returned by a grand jury, which heard only the government's side of the case. I caution you, as I have before, that the fact that the defendants have had an indictment filed against them is no evidence whatsoever of their guilt. The indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The indictment proves nothing.[2]

First Circuit Pattern Instruction § 3.08.

---

[2] If this Honorable Court chooses not to include the indictment among the evidence provided to the jury during deliberations, it is still requested that a variant of this instruction be given.  The indictment has been referenced numerous times throughout this case, both before and after this Court's original instruction regarding the indictment.

### III.     WITNESS CREDIBILITY

You, as jurors, are the sole judges of the weight and credibility of the testimony and of the value to be given to each and any witness who has testified in the case. In reaching a conclusion as to what weight and value you ought to give to the testimony of any witness who has testified in the case, you are warranted in taking into consideration the interest of the witness in the result of the trial.

Take into consideration his or her relation to any party in interest; his or her demeanor upon the witness stand; his or her manner of testifying; his or her tendency to speak truthfully or falsely, as you may believe; the probability or improbability of the testimony given; his or her situation and ability to see and observe; and his or her apparent capacity and willingness to truthfully and accurately tell you what he or she saw and observed.  If you believe any witness testified falsely as to any material issue in this case, then you must reject that which you believe to be false, and you may reject the whole or any part of the testimony of such witness.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory, including the witness's ability to perceive or recollect events accurately, and anything such as drug use that may impair a witness's ability to perceive or recollect events accurately; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.  You should carefully study the testimony given, the circumstances under which each

witness has testified, and every matter in evidence – including character – which tends to show

whether a witness is worthy of belief.

First Circuit Pattern Criminal Jury Instruction § 1.06; *United States v. Merrival*, 600 F.2d 717, 719, 720 n. 2 (8th Cir. 1979); *United States v. Phillips*, 522 F.2d 388, 391 n. 3 (8th Cir. 1975); *Clark v. United States*, 391 F.2d 57, 60 (8th Cir. 1968).

## IV.     CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

Fifth Circuit Pattern Jury Instruction (Criminal Cases) § 1.19.

## V.      DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.  You should draw your inferences, if you choose to draw inferences, solely upon the facts presented by the evidence and not on conjecture, speculation, or other inferences.  You are entitled to consider both kinds of evidence – direct and circumstantial.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence. If you find that the evidence presented equally supports a finding of guilty or of not guilty, you are required to find the defendant not guilty.

First Circuit Pattern Criminal Jury Instruction § 3.05; *United States v. Torres-Laranega*, 476 F.3d 1148, 1156 n. 5 (10th Cir. 2007); *United States v. Ayala-Garcia*, 574 F.3d 5, 11 (1st Cir. 2009).

## VI.   TRANSCRIPTS[3]

During trial you heard voice messages sent from Janet Mucci to Edward Dalton.  You were provided with transcripts of the voice messages, however the transcript is merely to help you understand what is said on the tape and is not itself evidence.  If you believe at any point that the transcript says something different from what you heard on the tape, remember it is the tape that is the evidence, not the transcript.  Any time there is a variation between the tape and the transcript, you must be guided solely by what you heard on the tape and not by what you see in the transcript.

First Circuit Pattern Criminal Jury Instruction § 3.05; *United States v. Mazza*, 792 F.2d 1210, 1227 (1st Cir. 1986).

---

[3] If a transcript of the Mucci tapes will not be made part of the jury's deliberations, this instruction is likely unnecessary given this Court's instruction during trial.

9

## VII.    PRIOR INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements that are inconsistent with his or her present testimony.  If a witness is shown to have given false statements concerning any material matter, you have a right to distrust such witness's testimony in other particulars.  You may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

First Circuit Pattern Criminal Jury Instruction § 2.02.

## VIII.   CAUTION AS TO COOPERATING WITNESS/IMMUNIZED WITNESS

You have heard the testimony of a series of witnesses who have been immunizard.  They:

(1)     provided evidence under agreements with the government;

(2)     are alleged to have participated in the crime charged against the defendants;

(3)     received a grant of immunity from the government in exchange for providing information;

Immunity means that the witness's testimony may not be used against him or her in any subsequent criminal proceeding.  However, if he/she testified untruthfully, he/she could be prosecuted for perjury or making a false statement, even though he/she was testifying under a grant of immunity.

Some people in this position are entirely truthful when testifying.  Still, you should scrutinize the testimony of these immunized witnesses with particular or greater caution. Their testimony must be received with caution and weighed with care.  They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves. You must determine whether the testimony of such a witness has been affected by any interest in the outcome of this case, any prejudice for or against the defendant, or by any of the benefits he/she has received from the government as a result of being immunized from prosecution.

Adapted From: First Circuit Pattern Criminal Jury Instruction § 2.08; *United States v. Simonelli*, 237 F.3d 19, 29 (1st Cir. 2001); *United States v. Newton*, 891 F.2d 944, 950 (1st Cir. 1989); *United States v. Skandier*, 758 F.2d 43, 46 (1st Cir. 1985).

## IX.    RICO – SUPPLEMENT

In addition to the standard charge issued by this Honorable Court to the jury for the elements of the substantive RICO charge, Tavares respectfully requests that this Court provide the following supplemental charge:

> Should you find Ms. Tavares not guilty of each and every racketeering act that occurred on or after March 22, 2007, you must also find her not guilty as to the substantive racketeering charge as a whole, including each other racketeering act.

As grounds therefor, Tavares respectfully submits that if the government fails to prove that she committed any racketeering acts within five years from the date the indictment was brought, then the entire substantive RICO charge (and all attendant racketeering acts) is time-barred.   *See* 18 U.S.C. 3282; *U.S. v. Torres Lopez*, 851 F.2d 520, 525 (1st Cir. 1988) ("government must prove that the defendant committed at least one predicate racketeering act within the limitations period of five years"). Given the extreme complexity of this case, and the paucity of evidence, in particular, with respect to the more recent hires against Tavares, this instruction is appropriate and may save judicial resources later down the line if otherwise not given.

## X.    MAIL FRAUD – SUPPLEMENT

In addition to the standard charge issued by this Honorable Court to the jury for the elements of the mail fraud charges, Tavares respectfully requests that this Court provide the following supplemental charge:

> In order to find that a false statement of fact occurred in this case, focus your minds on the Certifications sent from the Probation Department to CJAM Mulligan.   The government must prove, beyond a reasonable doubt, that the Certifications: (1) contained a false statement of fact or a false representation, (2) that the defendants knew and intended them to be false, and (3) that the statements were material, or capable of influencing Mulligan.

As grounds therefor, Tavares respectfully submits that the complexity of this case demands more specific instructions than in the usual case.   The government has charged mail fraud and has argued, both at trial and in the indictment, the false statement of fact occurred at the time the certifications were made.   At no other time has the government suggested that the false statement or representation required occurred at any other point under any other circumstance.

## XI.    AIDER/ABETTER LIABILITY

To aid and abet means intentionally to help someone else commit the charged crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt the following elements:

First:          that someone else committed mail fraud (for example); and

Second:     that Tavares consciously shared the other person's knowledge of mail fraud, intended to help him/her, and took part in the endeavor, seeking to make it succeed.

The central requirement of the second element is a showing that the defendant consciously shared the principal's knowledge of the underlying criminal act, and intended to help the principal.  Tavares need not perform mail fraud, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting, but she must know, to a high probability, that false statements of fact were being made.  A general suspicion that an unlawful act may occur or that something criminal is happening is not enough.  Mere presence within the Probation Department and knowledge that the substantive crime is being committed are also not sufficient to establish aiding and abetting.  In particular, the mere passing of names to other panel members is insufficient to establish aiding and abetting.

Adapted From: First Circuit Pattern Criminal Jury Instruction § 4.18.02(a); *U.S. v. Lyons*, 740 F.3d 702, 715 (1st Cir. 2014); *U.S. v. Burgos*, 703 F.3d 1, 16 (1st Cir. 2012).

## XII.   DEFENDANT'S TESTIMONY

Ms. Tavares has not testified in this trial.  It is the law of the United States that the defendant has an absolute right not to testify.  A defendant is under no obligation or need to do so.  There are many reasons for not testifying; reasons which are quite consistent with innocence. Therefore, you are not to speculate or engage in conjecture as to those reasons and, as I have said, you are to draw no adverse inference whatsoever. If you were to do so you would be doing our nation and our body of law a disservice and an injustice. Moreover you would be violating your solemn oath as jurors.  Once again, it is the burden of the United States to prove all elements of the charges beyond a reasonable doubt.  The defendant has no burden whatsoever.

First Circuit Pattern Criminal Jury Instruction § 3.03.

**XIII.   CO-DEFENDANTS**

A separate crime is charged against one or more of the defendants in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant. You must give separate consideration to the evidence as to each defendant.

Fifth Circuit Pattern Jury Instruction (Criminal Cases) § 1.23.

## XIV.   HEARSAY STATEMENTS OF CO-CONSPIRATORS

You may consider against Ms. Tavares any statement made by any other alleged participant in a conspiracy—but *only* if the government has proved three things to you about that statement or statements:

First:          that the government has presented sufficient evidence, independent of the statement, to support a fair inference that there was a conspiracy between the person who made the statement and Ms. Tavares;

Second:      that the statements were made during the commission of the conspiracy, or when the co-conspirators were acting to conceal the crime; and

Third:        that the statements were made in order to further, or help along, the conspiracy.

Only if these three elements have been proved by a preponderance of the evidence (more likely than not) are you allowed to consider an out-of-court statement of any other alleged participant in the conspiracy against Ms. Tavares in this case.

*United States v. Colón-Díaz,* 521 F.3d 29, 32 (1st Cir. 2008); *United States v. Petrozziello,* 548 F.2d 20 (1st Cir. 1977); Fed. R. Evid. 801(d)(2)(E).

**XV.    MENTAL STATE THAT IS INCONSISTENT WITH THE REQUISITE CULPABLE STATE OF MIND.**

Evidence has been presented of Ms. Tavares' good faith.  Good faith is a complete defense to the mail fraud charge because such good faith is inconsistent with the specific intent required for the various crimes already discussed.  Likewise, if a defendant honestly believes a false statement is true, then that statement cannot be used to satisfy the mail fraud statute.   It is the government's burden to prove that the defendants knew the statements were false and to disprove good faith beyond a reasonable doubt.  If, after considering the evidence of good faith, together with all the other evidence, you have a reasonable doubt that the Ms. Tavares acted, for example, without the specific intent to defraud required for mail fraud, then you must find Ms. Tavares not guilty of the crimes for which she was acting in good faith.

Adapted From: First Circuit Pattern Criminal Jury Instruction § 5.02; *United States v. Callipari*, 368 F.3d 22, 33 (1st Cir. 2004); *United States v. Mueffelman*, 470 F.3d 33, 36 (1st Cir. 2006).

## XVI.   REASONABLE DOUBT

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until hers or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Ms. Tavares, has the benefit of that presumption throughout the trial, and you are not to convict her of a particular charge unless you are persuaded of hers guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Ms. Tavares is guilty of the crime with which he is charged beyond a reasonable doubt.  This burden never shifts to Ms. Tavares. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

The government has the burden of proving the defendant guilty of each offense beyond a reasonable doubt.  Some of you may have served as jurors in civil cases where a judge instructed you that only had to find that a fact is more likely true than not true.  In criminal cases, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  If, based upon your consideration of the evidence, you are firmly convinced that the defendant is

guilty of the crime charged, you must find her guilty. If, on the other hand, you think there is a real possibility that he is not guilty, or if after a fair and impartial consideration of all the evidence you have a reasonable doubt, then you must give her the benefit of the doubt and find her not guilty.

Adapted From: First Circuit Pattern Criminal Jury Instructions § 3.02; Federal Judicial Center, Pattern Jury Instructions § 21 (1988).

WHREFORE, Tavares respectfully requests that the Court pose the foregoing instructions to the jury.

Dated: July 14, 2014

Respectfully submitted,

ELIZABETH TAVARES
By and through her attorneys,

/s/ R. Bradford Bailey
R. Bradford Bailey, BBO#549749
Jeffrey A. Denner, BBO#120520
Adamo L. Lanza, BBO#689190
Four Longfellow Place, 35th Floor
Boston, Massachusetts 02114
Tel.     617.227.2800
Fax.    617.973.1562
bbailey@dennerlaw.com
jdenner@dennerlaw.com
alanza@dennerlaw.com

<u>CERTIFICATE OF SERVICE</u>

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing [NEF] and paper copies will be sent to those indicated as non-registered participants.

/s/ Adamo Lanza