UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA             )
                                     )
        v.                           )   CRIMINAL NO. 12-CR-40026-WGY
                                     )
JOHN J. O'BRIEN et al.               )

<u>DEFENDANT'S REQUESTS FOR SPECIFIC SUPPLEMENTAL JURY INSTRUCTIONS</u>

Pursuant to Fed. R. Crim. P. 30, defendant, William Burke, requests the Court to include the following specific instructions in its charge to the jury.

## 1. ROLE OF THE ATTORNEYS

**We have addressed my role as the judge and your role as the finders of fact; now let us turn to the role of the attorneys.**

During the course of this trial, attorneys on either side may have objected, moved to strike, or requested a side bench conference. The rules of evidence are very strict and demanding. When attorneys on either side of the case feel, in their professional opinion, that a question or answer violates a rule of evidence, they have a professional responsibility to make an objection, and it then becomes my responsibility to rule on that objection. The rules of evidence are structured in such a way as to ensure that the only evidence the jury hears is relevant and material to some issue involved in the case; evidence that falls outside of those requirements is inappropriate and subject to an objection.

If I sustained an objection to a question, please draw no inference whatsoever from the content of the question itself. That question has no value whatsoever and you are to disregard it. If I struck an answer, it is as though that answer was never given, and it must play no part whatsoever in your deliberations.

Please do not hold it against any lawyer or their client that they made any objections or employed other trial tactics. Your opinions as

to the performance of the lawyers are not evidence and must not be considered in reaching your verdict.

The sidebar conferences conducted during the trials are not evidence. Anything you know of those conferences is not evidence, and must not be communicated by you to other jurors.

2.   PRESUMPTION OF INNOCENCE

The defendant in this case, as in any criminal case, is presumed to be innocent. The law never imposes on a defendant in a criminal case the burden or duty of calling any witness or indeed of presenting any evidence whatsoever.

This legal presumption of the defendant's innocence is not an idle theory to be discarded or disposed of by the jury by caprice, passion, or prejudice. Furthermore, the defendant is not to be found guilty on any of these indictments on suspicion or conjecture, but only on evidence produced and admitted before this jury in this courtroom.

Indictments are not evidence. The indictments are nothing more than a piece of paper we use in our system to bring the defendant

before the court and inform the defendant of the charges that have been made against him.

The fact that there may have been a prior hearing, such as grand jury proceedings, or the so called Ware Inquiry which you have heard of does not change or alter in the least that presumption of innocence. You are not to draw any adverse inferences from the fact that there may have been such a hearing, nor are you to speculate as to the result of any such hearing. The role of the grand jury or any administrative inquiry is very different from your role.

The defendant is presumed to be innocent until and unless you the jury decide unanimously that the government has proved the defendant guilty of each and every element of each charged offense beyond a reasonable doubt.

In this case, as in every criminal case, the burden of proof is on the government. The government has the burden throughout the entire trial. The defendant never has any burden to prove his or her innocence or to produce evidence. There is no duty whatsoever on the defendant to prove or otherwise establish his or her innocence.

The government must prove each and every element of every offense charged beyond a reasonable doubt. If, from the evidence introduced before you, you members of the jury entertain a reasonable doubt as to whether or not the defendant committed the crimes with which he is charged, then you must find the defendant not guilty.

3.  DEFENDANT DOES NOT TESTIFY

The United States Constitution provides that no person is required to testify during criminal proceedings brought against him. This is a fundamental right, which is part of the important principle of law that a defendant is never required to prove his innocence. You must decide, based solely on the evidence you have heard, and reasonable inferences you draw therefrom, whether or not the prosecution has proved beyond a reasonable doubt that the defendant, in fact, committed the crimes charged. Whether the defendant did or did not testify is absolutely not to be considered by you, or even mentioned, in your deliberations.  If you even think about this issue in deciding the case, you are cheating the defendant out of a fair trial.

**5.     INFERENCES**

An inference is a permissible deduction that you may make from evidence that you have accepted as believable. Inferences are things you do every day; little steps in reasoning in which you take some known information, apply your experience in life to it, and then draw a conclusion.

Remember, when you are dealing with inferences, you never have to infer anything. You may, but do not have to draw any inferences whatsoever. An inference need not be necessary or inescapable, but any inference which you do draw must be reasonable and possible. It must be logical. It must be a natural one, which is not too remote in the ordinary course of events.

You may draw an inference even if it is not necessary or inescapable, but you may not indulge in conjecture or guesswork in drawing inferences. In order to convict the defendant, you must find that all of the evidence and the reasonable inferences that you have drawn, taken together, prove that he is guilty beyond a reasonable doubt. If it does not, you must acquit him.

**Some inferences may be consistent with innocence. Such inferences need not be established beyond a reasonable doubt, because the defendant in a criminal case is never required to prove his innocence. It is sufficient if the inference is rationally related to other facts in evidence. If an inference drawn from the evidence in this case creates a reasonable doubt in your mind as to any element of the crime charged, you must find the defendant not guilty.**

### 6. TESTIMONY BASED ON AGREEMENT WITH THE PROSECUTOR OR GRANT OF IMMUNITY

You have heard testimony that numerous witnesses have received various proffer agreements, non-prosecution agreements and immunity agreements from the United States Attorney's office and other witnesses have testified under immunity orders sought by the government. These agreements are binding on the government.

When a witness is testifying under such agreements or immunity orders, a number of factors must be considered by you.

The fact that a witness sought or obtained an immunity agreement or an immunity order does not mean that the witness

committed a crime. A perfectly innocent witness may seek and obtain such an order to protect themselves merely because of a perceived threat of prosecution.

However, you, the jury must consider an immunity agreement or an immunity order as a possible incentive and must consider whether those agreements or orders bear on the credibility of the witness.

When a witness testifies under such agreements or orders, you must scrutinize the testimony with great care. You must consider whether it influenced the witness and whether it affects your assessment of his or her truthfulness.

Also, you may have heard reference in the testimony, in the questioning by the attorneys, that the witness had an agreement to give truthful testimony. Whether or not the testimony is truthful will be a question solely for the jury to decide after hearing all of the evidence in the case.

The United States Attorney is not in a position to have any specialized knowledge or opinion about whether the testimony is truthful or not. You may not consider anyone else's opinion, whether

it's a government official or anyone else about whether the testimony is truthful or not. The jury is not permitted in a criminal case to consider people's opinions about whether someone is telling the truth. You must disregard any implication that the government believes or doesn't believe any part of the testimony. Whether the testimony is truthful or not, and credible, is solely for the jury to determine.

7. **EVIDENCE ADMITTED FOR A LIMITED PURPOSE**

I have admitted various pieces of evidence in this case for a limited purpose. It is very important that you not consider the evidence for any other purpose. You must not consider the evidence as having provided evidence that the facts contained in the statement heard by the police officer are true.

Here is an example purposely chosen to have no relation to this case. If I admit evidence for the police officer's state of mind or the reasonableness of the police investigation that the police were told by a witness that the traffic signal was red, this is not evidence that the traffic signal was red, it is only evidence that the police received evidence that the traffic signal was red and you could consider it on

the question only of whether the police officer did or did not conduct a reasonable investigation based on having heard that statement.

8. **LIMITING INSTRUCTION**

You have heard testimony that was admitted against only one defendant and not the other two. You must decide the cases against each defendant separately. You are free to accept or reject this testimony in whole or in part. However, you may only consider it against the defendant it was admitted against and must disregard it completely as to the other two.

9. **BUSINESS RECORD**

You have heard evidence about business records. On this subject, you may not even consider that evidence until you have first made a determination as to the existence or nonexistence of preliminary facts, namely, that the entry was made in good faith, that it was made in the ordinary course of business, that it was made before the beginning of this proceeding, and that it was the regular course of business to make the memorandum or record at the time of the act, transaction, occurrence, or event, or within a reasonable time

thereafter. If you find that these facts do not exist, you may not consider the evidence at all. If you find that the facts do exist, you may consider the evidence along with all of the other evidence presented, and give it such weight or credit that you determine it warrants.

        Respectfully submitted,

        WILLIAM H. BURKE

        by his attorneys

        /s/ James C. Bradbury    John Amabile, Esq.

        James C. Bradbury, Esq.

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 14, 2014.

        /s/John Amabile