UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 12-40026-WGY |
| | ) | |
| JOHN J. O'BRIEN, | ) | |
| ELIZABETH V. TAVARES, and | ) | |
| WILLIAM H. BURKE, III, | ) | |
| | ) | |
| Defendants. | ) | |

## GOVERNMENT'S MOTION FOR SENTENCING ENHANCEMENTS

By and through the undersigned Assistant U.S. Attorneys, the United States respectfully moves herein for the district court to find that the defendants deserve a four-level adjustment for role in the offense pursuant to USSG §3B1.1(a) and a two-level enhancement for abuse of position of trust pursuant to USSG §3B1.3.

### A. ADJUSTMENT FOR ROLE IN THE OFFENSE PURSUANT TO §3B1.1

The government contends that a four-level aggravating role adjustment is appropriate for each defendant. Section 3B1.1(a) states that if the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by four levels. Applying the adjustment turns, first, on the size and scope of the criminal activity and, second, on the defendant's particular role in that activity. *See* USSG §3B1.1.

The government bears the burden of proving by a preponderance of the evidence that the defendant should receive an aggravating role adjustment. *See United States v. Al-Rikabi*, 606 F.3d 11, 14 (1st Cir. 2010); *United States v. Cruz Camacho*, 137 F.3d 1220, 1224 (10th Cir. 1998) ("The burden is on the government to prove, by a preponderance of the evidence, the facts necessary to establish a defendant's leadership role."). Upon finding that the government has satisfied its burden of proving the

requisite facts, the district court must apply the appropriate enhancement and lacks the discretion to decide whether or not to apply §3B1.1. *See United States v. Jimenez*, 68 F.3d 49 (2d Cir. 1995).

Application Note 1 to §3B1.1 defines a "participant" as "a person who is criminally responsible for the commission of the offense." USSG §3B1.1, comment. (n.1). A person who is not criminally responsible for committing the offense is not a participant; however, §3B1.1 does not require that a criminally responsible person actually be convicted to qualify as a "participant." *See id*. Importantly, however, the defendant, as a criminally responsible person, is a participant for purposes of counting the number of participants under §3B1.1. *See United States v. Paccione*, 202 F.3d 622, 625 (2d Cir. 2000) (holding, consistent with "the apparent consensus of our sister circuits," that "a defendant may be included when determining whether there were five or more participants in the criminal activity in question."). In fact, courts consistently count as participants those who "were (i) aware of the criminal objective, and (ii) knowingly offered their assistance." *United States v. Anthony*, 280 F.3d 694, 698 (6th Cir. 2002); accord *United States v. Boutte*, 13 F.3d 855, 860 (5th Cir. 1994) (concluding that a person "need only have participated knowingly in some part of the criminal enterprise" to be a participant). Therefore, consistent with this principle, individuals who are not co-conspirators can be "participants" if they aid the defendant with knowledge of the underlying criminal activity. Thus, the definition of "participant" is broader than conspiratorial liability. For instance, in *United States v. Aptt*, 354 F.3d 1269 (10th Cir. 2004), the court held that the defendants' high-level employee, who continued to solicit investments despite having notice that the company was operating a Ponzi scheme and made knowingly false representations to potential investors, was a "participant" in the criminal activity. Furthermore, in *United States v. Alfonzo-Reyes*, 592 F.3d 280 (1st Cir. 2010), the court held that the defendant's wife was a "participant" in his fraud scheme where she knowingly falsified government loan applications at her husband's direction.

In the course of determining whether there are "five or more participants" in the criminal activity, the court may consider all participants, and not only those who were subordinate to or supervised by the defendant. "The text of the guideline and its commentary does not require that five of the activity's

participants be subordinate to the defendant; it merely requires that the activity involve five or more participants." *United States v. Bingham*, 81 F.3d 617, 629 (6th Cir. 1996). In fact, a defendant does not need to know of the other participants for purposes of applying §3B1.1. *See United States v. Kamoga*, 177 F.3d 617, 622 (7th Cir. 1999) (holding that "3B1.1 [does not] require [] control over and/or knowledge of all of the other participants in a criminal activity"); *United States v. Dota*, 33 F.3d 1179, 1189 (9th Cir. 1994) ("Section 3B1.1 does not require that [the defendant] knew of or exercised control over all of the participants.").

Proper application of §3B1.1 requires the court to determine whether the defendant was an organizer, leader, manager, or supervisor in the criminal activity. "The determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of §1B1.1 (Relevant Conduct)." USSG §3B1.1, comment. Therefore, the applicability of §3B1.1 is not limited only to the defendant's participation in the elements of the counts of conviction, but for all relevant conduct attributable to the defendant under §1B1.3. "The line between being an organizer or leader, on the one hand, and a manager or supervisor, on the other, is not always clear...." *United States v. Bahana*, 223 F.3d 797, 804 (8th Cir. 2000) (citing *United States v. Delpit*, 94 F.3d 1134, 1155 (8th Cir. 1996)); *see also United States v. Herrera*, 878 F.2d 997, 1000 (7th Cir. 1989) ("Organizers and leaders of criminal activity play an important role in the planning, developing, directing, and success of the criminal activity. Thus organizers and leaders are generally deemed more culpable than mere managers and supervisors."). In order to assist the court to distinguish between leaders and organizers from mere managers and supervisors, Application Note 4 provides a non-exhaustive list of factors that the courts can consider. These factors include:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

USSG §3B1.1, comment. (n.4). Furthermore, more than one person may qualify as an organizer or leader of a criminal activity. *Id.*

Courts often refer to these seven factors set out in Application Note 4 to determine whether the

3

defendant was an organizer or leader. Nevertheless, courts have been careful to note that "[t]he Guidelines do not require that each of the factors be satisfied for §3B1.1(a) to apply." *United States v. Bernaugh*, 969 F.2d 858, 863 (10th Cir. 1992); see also *United States v. Tejada-Beltran*, 50 F.3d 105, 111 (1st Cir. 1995) ("There need not be proof of each and every factor before a defendant can be termed an organizer or leader.").

There can be no reasonable doubt that the three defendants, O'Brien, Tavares, and Burke were organizers and leaders of this vast, fraudulent hiring scheme. They were among the most powerful members of the organization and it was their leadership, persistence, direction, and execution that ensured the success of this long-running and sophisticated illicit endeavor. Furthermore, the defendants exercised almost complete control and authority over the actions of the numerous coconspirators and subordinates they relied upon to effectuate, and then cover-up, the illicit scheme.[1]  Indeed, of the seven Application Note 4 factors mentioned above, the defendants easily satisfy all but the fourth factor.

### B.   ADJUSTMENT FOR ABUSE OF POSITION OF TRUST PURSUANT TO §3B1.3

Pursuant to USSG §3B1.3, a two-level enhancement applies if the defendant "abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commitment or concealment of the offense." USSG §3B1.3. The guideline text states that the enhancement may be applied in addition to an adjustment under §3B1.1 (adjustment for role in the offense) if it is based upon abuse of a position of trust. The application notes define "public or private trust" as "a position…characterized by professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference)." USSG §3B1.3, comment. (n.1).

---

[1] The government introduced an exhibit entitled Office of the Commissioner of Probation, Organizational Chart (Exhibit 176) during the trial. This exhibit, along with an additional chart marked for identification only (Exhibit Q), identified many of the coconspirators and subordinates utilized by the defendants in furtherance of the conspiracy.

Courts weighing whether to impose an adjustment for abuse of position of trust are instructed to follow a two-step process. "First they must see if the defendant held a position of trust. And, if the answer is yes, then (and only then) they must see if the defendant used that position in some significant way to facilitate or conceal the offense." *United States v. Zehrung*, 714 F.3d 628, 630 (1st Cir. 2013); *see also United States v. Parilla Román*, 485 F.3d 185, 191 (1st Cir. 2007) (emphasizing that "[t]he two steps are separate" and that "care must be taken not to conflate them").

Positions typically understood to possess a level of trust exhibit "professional or managerial discretion," which is understood to mean "substantial discretionary judgment that is ordinarily given considerable deference." USSG §3B1.3, comment. (n.1). "Not surprisingly, then, people holding trust positions are usually 'subject to significantly less supervision' than those holding positions with 'non-discretionary' responsibilities." *Zehrung,* 714 F.3d at 630 (quoting §3B1.3).

The trial record supports the conclusion that all three defendants, O'Brien, Tavares, and Burke, held positions of public trust as the leaders of this large, well-funded, law enforcement agency. The evidence demonstrated that the defendants abused their positions of public trust in a manner that facilitated both the commission and concealment of the fraudulent hiring scheme. In fact, the defendants would not have been able to formulate, successfully advance, or achieve the goals of this conspiracy if they were not leaders of the organization and did not hold positions of trust.

## CONCLUSION

For these reasons, the government respectfully requests that the Court find that the defendants deserve a four-level adjustment for role in the offense pursuant to USSG §3B1.1(a) and a two-level enhancement for abuse of position of trust pursuant to USSG §3B1.3.

                    Respectfully submitted,

                    CARMEN M. ORTIZ
                    United States Attorney

By:   /s/ Fred M. Wyshak, Jr.
       Fred M. Wyshak, Jr.
       Assistant U.S. Attorney

       /s/ Karin M. Bell
       Karin M. Bell
       Assistant U.S. Attorney

       /s/ Robert A. Fisher
       Robert A. Fisher
       Assistant U.S. Attorney

Date:   October 20, 2014

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                /s/ Robert A. Fisher
                                Robert A. Fisher
                                Assistant United States Attorney

Date:   October 20, 2014