# LETTERS OF SUPPORT

September 21, 2014

Carla Bettano
140 Prince Street
Jamaica Plain, MA  02130

Honorable William G. Young
US District Court
District of Massachusetts
One Courthouse Way
Boston, MA  02210

Dear Judge Young:

My name is Carla Bettano and I am the Vice President of Strategic Partnerships at Neighborhood Health Plan. I am writing this letter in support of Elizabeth Tavares. I have known Liz for the past seven years. Her daughter Izzy and my son Nickolas have been at the Park School together. I have had the opportunity to spend a significant amount of time with Liz and am honored to call her my friend. Liz is a wonderfully warm, smart and supportive woman and a very engaged and attentive mother.

Liz is always at Izzy's school events and on the sidelines cheering her on at her softball games. She beams with pride whenever Izzy is on stage presenting at a morning meeting or pitching for the girl's varsity softball team.

I have marveled at what a loving daughter Liz has been to her mom and dad and how she has taken care of them in their later years of life.  She has brought them to live with her in her home and she is one of their primary care givers.

Liz can be a lot of fun and has a great sense of humor.  I have had the opportunity to be on vacation with her and really enjoyed her company.  She is very funny but she can also be serious.  Liz is an incredibly kind and caring person and is always willing to help a friend in need.

While I continue to find it very hard to believe that Liz was engaged in any wrongdoing, I understand that she has been found guilty of a crime. I believe that Liz has suffered so much already and I can't imagine how incredibly difficult it will be for her to be away from her wife that she has been with for over 20 years, her daughter who just entered high school and her aging parents.  I urge you to impose the most lenient sentence possible. I see no value and only harm to imposing a prison sentence on Liz Tavares.

Thank you for the opportunity to voice my support.

Sincerely,

Carla Bettano

Carla Bettano

October 27, 2014

Honorable William G. Young
U.S. District Court
District of Massachusetts
One Courthouse Way
Boston, MA  02210

Dear Judge Young:

I have been asked to write a letter of support for Elizabeth Tavares [Liz] who I
know was charged and convicted of offenses related to the hiring of probation
officers.  It is without hesitation that I write and express my impressions of Liz.
Liz has been my close friend for over 30 years.  We have shared all aspects of
our lives with each other. We generally talk on a daily basis. We socialize often
and vacation together each year. In our younger years, we even shared an
apartment together. For the last thirty years I have shared an unwavering
friendship with Liz.

In my first attempt in writing a letter for Liz, I had difficulty composing such a
letter because words alone cannot begin to describe the exceptional person Liz
Tavares is. What I do want to express is the influence Liz has had on my life. I
am a better person because of Liz Tavares. She impressed upon me the
importance of character and integrity in everything you do personally and
professionally.

Thirty years ago I met Liz through mutual friends. We quickly became very good
friends.  It was during this time that my career began to blossom in the private
business world. I found myself on the senior staff of a multi−billion dollar
company. I was the only women in her late twenties surrounded by experienced
40 + plus male colleagues.  I was in a leadership position that influenced many
decisions. It was Liz who I relied upon for guidance. All I had to do was follow
her lead.

We had many discussions about leadership and the many attributes of a
successful leader. She would say, don't act like a boss, never abuse your role,
and always seek the truth.  She stressed the importance of thoughtfulness and
kindness.  Her mentorship helped me to become a successful business person,
and more importantly, a respected person.

As years passed and our close friendship continued, I began to consider myself as family.  Liz's daughter calls me Auntie Claire.  Our families are very close and I feel blessed to have Liz in my life. Liz, as a parent is beyond reproach. She is a perfect role model for her daughter Izzy. She is the anchor for their daughter and to her spouse.  If Liz were sentenced to prison, they would be lost and I believe damaged emotionally.

It has been fourteen years since my niece was born and life has thrown us both many things to celebrate and many challenges. It is the challenges that are a true testament to our character.  Four years ago one of the biggest challenges in our lives occurred when Liz was forced to leave the job she loved and flourished, and was later indicted. However, Liz has amazed me as to how she has handled this life-devastating circumstance. While I am angry at the accusations against such an honest person, Liz has maintained her composure and a calm, thoughtful perspective.  As I watch Liz, I am so impressed by her behavior during this whole process. She has made it easier on us . She is again setting an example for her friends, family and her daughter.  After Liz lost her position in the Trial Court and was left without a job, she decided to use her skills in volunteering and working within the Newton Community to help children.

Liz saw that her parents were struggling on their own so she decided to provide shelter and care for them in her home. Due to their increased age and medical difficulties, it was clear to Liz that they required more supervision and care. Although Liz had her own stresses to contend with, she could not ignore her parents needs.  She is so caring of her parents, demonstrating extreme patients, dedicating time everyday to visit with them, driving to scheduled doctor visits, food shopping and personal care for her 89 year old mother and her 91 year old dad.

In closing Judge Young, I hope I have been able to communicate who Liz is and that she does not desire a sentence of incarceration.

Sincerely,


Claire Collins

September 9, 2014

Hon. William G. Young
U.S. District Court
One Courthouse Way
Boston, MA 02210

RE: Elizabeth Tavares

Dear Justice Young:

I am writing in support of Elizabeth, Liz Tavares who I know
was charged and has been convicted of offenses related to the
hiring process in the "Probation Case."

I have had the pleasure of knowing Liz for the last 12 years. We
have spent multiple week-ends together with our families up
north skiing, hiking and enjoying outdoors. We have been at
each other's house for dinners and cook-outs. We have children
that get along well with one another. Liz and her partner have
taken care of my girls for the week-end as a favor to us. I trust
them both with our children. We are careful about who we leave
our children with for extended time periods. I have never had
any doubts. Liz and DeeDee are responsible, trustworthy, kind,
attentive and wonderful with my girls. The girls had a blast
hanging out with Liz and her family.

I always admired Liz for her intelligence, her honesty, her
calmness and the warmth she exudes. She is dedicated to her
family and friends, both immediate and extended. She is kind,
patient and truly a good person. I have always been impressed
with her interest in the world. She is very well read and
knowledgeable about a wide range of subjects. She is

demonstrated incredible strength through this whole ordeal, working to keep her home life stable. Given all that has happened and all the publicity, she and her partner have managed to maintain a wonderful life balance. They continue to support their daughter through her journey as she matures. It is a real testament to their devotion and strong family life, seeing their daughter excel on some many fronts, athletically, academically and socially. Not an easy accomplishment given the barrage of negative and very public new stories over the course of 4 years.

Liz is a wonderful person that I am proud to call my friend. She is a good person and does not deserve the heartache that was come her way as a result of this whole situation. I ask you to consider who Liz is and how devastating this is for her. She is not a criminal. She is a person who cared deeply about the Massachusetts Probation Service and always demonstrated her duty to the service.

Sincerely,

Dara Fuller
Director, Technology Solutions
Harvard Pilgrim Health Care

ROBERT S. KAPLAN,
DMD, DIRECTOR

DMD: Tufts University School of
Dental Medicine

Member: Academy of General
Dentistry, American Dental Association,
Massachusetts Dental Society

Clinical Instructor, General Dentistry,
Tufts University School of Dental
Medicine



ADVANCED
DENTAL CARE

*Quality, progressive care with a personal touch*

Honorable William G. Young                    September 22, 2014
United States District Court
Boston, MA 02210

COMPLETE
CARE
FOR THE
WHOLE
FAMILY:

- Natural-looking crowns & bridges
- Gentle, professional cleanings
- Precision-fit dentures & partials
- Mercury-free fillings
- Porcelain veneers
- Cosmetic bonding
- In-office & at-home tooth whitening
- Full & partial dentures
- Gentle care for TMJ (face & jaw pain)
- Nonsurgical gum treatment
- Full preventive care
- Intraoral camera
- Extra-thorough sterilization
- Beautifully crafted, tooth-colored porcelain inlays

FOR YOUR
COMFORT &
CONVENIENCE:

- Friendly, personal attention
- Netflix
- Early morning, evening & Saturday hours
- Same-day appointments often available
- Most insurance accepted & filed
- MasterCard, Visa, American Express & Discover welcome

To the Honorable William G. Young:

As a dentist, it is our responsibility to know our patient. I have always felt that if you really wanted to know somebody, ask their dentist.

We have windows into many parts of our patient's personality and behaviors that others don't. We see how they treat others in multiple capacities, whether they are the dentist, hygienist, assistant, or administrator. We see how they honor their responsibilities, either keeping appointments, or making payments. We see how they handle adversity when being informed of treatment which has costs involved. These costs include time, energy, and money, and sometimes discomfort. Does the patient take ownership for their situation, or place blame on a previous dentist, or deny that they are in this situation.

Do they show gratitude that others have gone through training over many years in order to provide their service in a kind and gentle manner? When we put all of these traits together, we get a picture of consistency, and somebody who we love having represent our practice as a patient, or somebody who we cannot rely on in order to conduct our care in the best manner for that patient.

Elizabeth Tavares has been a patient in our practice for 16 years. She has shown all of the traits listed above, and has been a joy to have as a patient. She has had many changes in her life, until now, all for improvement, and throughout, she has maintained her calm demeanor and approach, and handled every situation with dignity.

Upon reading the newspaper, it has been hard to believe that a person such as Liz could knowingly involve herself in the nefarious activities that have been highlighted. I understand that one personal reference is minor compared to an extended trial, but my wish is that she be viewed in totality, which depicts an individual of enormous character, strength, and courage.

Sincerely,

Robert S. Kaplan, DMD

93 UNION STREET, NEWTON CENTRE, MA 02459 · 617.964.3430 · FAX: 617.630.9129
WWW.CTADC.COM · FIND US ON FACEBOOK

Kelly M. Bonnevie
41 Crehore Road
Chestnut Hill, MA 02467

September 15, 2014

Hon. William G. Young
U.S. District Court
One Courthouse Way
Boston, MA  02210

RE: Elizaabeth Tavares

Dear Justice Young:

I am writing this letter in support of Elizabeth Tavares. I have known Liz for ten years and am writing to urge you to impose the most lenient sentencing option available.

I am an attorney with a firm in Newton where Liz and her family live. Liz and I first met because we had preschool children the same age who attended the same school. I bonded with her immediately because she was friendly, warm and caring. We were both mothers who worked full-time as attorneys. Over the years we bonded over parenting concerns. It was Liz and her family who immediately reached out to me and sent food when I was diagnosed with cancer eight years ago. They also offered to help with our kids, and I have never forgotten that support. Over the last few years, Liz and I have often spoken of the challenges we both faced in raising children while simultaneously caring for aging parents. Liz's parents live with her, and she is the child who oversees their affairs, cares for them, and helps them with medical appointments and errands, etc.

In recent years Liz has worked as a local realtor, and I have had the opportunity to work with her professionally. As a realtor, Liz has always shown herself to be reliable, caring, and honest. She has consistently demonstrated a deep commitment to upholding ethical standards of the profession. I can think of several examples in which she has advised clients selling their homes to reveal issues that she felt a buyer would want to know about, (e.g. a defect in a condominium Master Deed or a fence that might need to be moved), even if such disclosure may have had an adverse effect on the selling price (and therefore, her commission). She is good at helping parties compromise to reach a mutual goal, and I have never had any problems of any kind with any of the transactions in which Liz has been involved. She is pleasant, calm and steady, and clients really like her. I am always happy to see her name associated with any Newton real estate matters in which I am involved.

It has been horrible to watch Liz and her family endure this and have their lives turned upside down. They have been devastated financially and emotionally. Liz is a person who adds tremendous value to her family and our community and is needed by many people, including her teenage daughter, spouse, parents, extended family, and friends. Sentencing her to a prison term of any length wastes taxpayer money and would jeopardize the welfare of her family. I urge you not to do so.

Sincerely,

Kelly M. Bonnevie

September 25, 2014

Honorable Judge G. William Young

Dear Judge Young:

I am writing this letter on behalf of Elizabeth Tavares.

I only met Liz a handful of times in the past, but came to know her well over the past few years during this whole ordeal. I am John O'Brien's daughter, Brenna. I cannot attest to what type of character Liz is at her best moments in life but I can attest to how I've seen her act at her worst moments in life.

I've always heard through Liz's coworkers how dedicated and hardworking she was throughout her career. My father always described Liz as exceptionally intelligent, kindhearted, hardworking, and always professional. I never heard a negative comment about Liz. Regardless of what I heard about Liz I still did not know her that well until these past few years. Throughout the trial I would see Liz every day before, during, and after the trial. Over these past few months I've come to realize that Liz is exactly the type of person everyone has described her as. I always found comfort in seeing Liz in the morning when we came in. She has a way of always keeping everyone around her positive no matter what the circumstances. During the entire trial I watched as she kept her composure and remained calm throughout each day. Liz is the type of person any woman aspires to be like. I can only imagine what type of person she is at her best.

I was fortunate enough to have my father by my side at every event that took place during high school, college and up until my wedding day. Liz and her spouse Deirdre have a daughter named Izzy, who is 14. She hasn't even experienced everything I have been able to enjoy with my father. I am unable to cope with the events that have taken place over the past few years. I cannot begin to imagine what Izzy is going through at that age. She deserves to have both of her parents there to witness all of the milestones she has yet to experience. Not only does Izzy deserve to have her parents there, but Liz deserves to be there for her daughter. I am asking you to please be lenient when sentencing Elizabeth Tavares.

Sincerely,

Brenna O'Brien

Brenna O'Brien

Catherine Doherty
172 Davis St.
Quincy, MA, 02170
617-840-9100

September 30, 2014

Honorable William G. Young
U.S. District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02210

Honorable Young:

I offer a strong letter of support for Elizabeth V. Tavares, a friend and professional colleague.

I am a Sergeant Detective with the City of Boston Police Department and lead the Firearms Analysis Unit, Forensic Group. Previously, I lead the Recruit Investigations Unit of Internal Affairs, while concurrently working in the Anti-Corruption Division. I have held various uniformed, investigative, and supervisory roles in the police department since 1986.

Early in our careers, Liz and I belonged to a group of young, professional, single women, pursuing non-traditional occupations. Our group consisted of women from different ethnic and socio-economic backgrounds, joined in our commitment to make a difference in our respective fields. Liz and I connected through our common interest in the criminal justice system and shared many hours discussing current events, civic problems, and legal outcomes.

I greatly admire Liz's values, discipline, and work ethic. She is unwaveringly respectful of everyone, family, friends, colleagues, and members of the community- whether at home with her parents or during after-work social gatherings. I admired her observable commitment and discipline when she attended and completed law school. Amongst friends, Liz is known as a person by whom we would all measure ourselves.

Honorable William G. Young
September 30, 2014
Page 2

Liz and I often crossed paths professionally. Her devotion to her career was always clear. She worked hard, put in the time and effort, not as needed, but as a rule. She is consistently cordial, impartial and objective.

Liz and I have both become career parents and have moved apart geographically. When we have seen each other, our conversation drifts back to our interest in the criminal justice and legal system. Sadly, our recent discussions involve the criminal case of which she is the subject. I am consistently amazed by the thoughtful, analytical approach and pragmatic perspective to the circumstances she faces.

Without question, I hold Elizabeth Tavares in the highest regard, and am a great admirer of her integrity as a person and professional.

I am honored to write a letter on Liz's behalf, yet it is with a heavy heart, hoping that this situation comes to a rational ending.

Respectfully,

Catherine Doherty

October 7, 2014

Honorable William G. Young
U.S. District Court
District of Massachusetts
One Courthouse Way
Boston, MA. 02465

Dear Judge Young:

My name is Henry Leitao and I am writing in support of my first cousin Elizabeth (Liz) Tavares.
Liz and I spent our early years in a three family home on Onley Street in Dorchester, MA. Liz
lived on the third floor with her sister, parents and grandmother. I lived on the second floor with
my brother, parents and grandparents while another cousin lived on the first floor. Our extended
family spent countless hours around the dinner table, in the back yard or in the family room
spending time listening to stories told by our parents and grandparents, playing games and just
being together. Needless to say, we were very close.

Our parents were immigrants from the Cape Verde Islands and like so many immigrants, they
came to this country with nothing more than a hope for a better life for their families. In a very
short time they became productive and respected citizens, contributing to their communities.
Liz's father worked for Exxon (on one of their ships) which required him to be away for weeks at
a time. During this time, Liz's mother managed the home and worked as a seamstress. Both our
parents worked very hard and instilled their work ethic and values on us. We were taught to be
honest, dedicated, hardworking and respectful. We were also taught that education was very
important, Liz embraced these values at an early age.

Eventually, our families moved from Dorchester to the suburbs. Because our families had so
many great memories there, my brother and I would joke that if the city had not taken the house
by eminent domain, our parents might still be living on Onley St.  The memories did not end in
Dorchester, our families remained extremely close, spending Holidays and special occasions
together. One of our proudest moments was when Liz graduated from law school and became a
lawyer. This was a very happy time for all of us, we were all very proud of her accomplishment
and excited about her bright future.

Many years have passed since Liz passed the bar and dedicated herself to public service.  We
have remained extremely close, spending many holidays and special occasions together. We
have been raising our own families together for years and I have watched Liz teach her
daughter, Izzy the same values that she was taught.  I have witnessed Izzy becoming mature,
young women with a great future in front of her. Izzy's success is due to the influence of Liz and
her partner, Deedee.

I am sure it is not always easy having two moms, but when you provide the type of love, caring
and understanding that Liz and Deedee provide, you simply cannot fail. The development of my
own children has been positively shaped due to their interactions with Liz and Deedee.

Liz is one of the most caring and thoughtful people that I have ever known. She is honest and
loyal and possesses all the qualities that one would aspire to have or to pass onto their children.

In all the years that I have known Liz, her behavior has been that of a model citizen and a role model. Never once did I witness any questionable or dishonest behavior.  Liz has always been the voice of reason that chooses to take the high road.  My family is very fortunate to have Liz in our lives. The world would be far better with more people like Liz.

As you can see, I have known Liz for a long time and I care deeply for Liz and her family, however, if I did not believe in Liz and her innocence I would not be writing this letter.

Please do not make Liz and her family and friends suffer any more than they have.  Liz should be able to continue her life as a productive citizen with the dignity that she deserves and to continue to care for her proud parents and loving family.

Respectfully,


Henry Leitao

# Advanced Foot Care, Inc.

### Paula M. Marella, D.P.M., FACFAS • Cecilia G. Moore, D.P.M., AACFAS

October 6, 2014

Honorable William G. Young
U.S. District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02210

RE: - Elizabeth Tavares

Dear Judge Young:

I am aware that Elizabeth Tavares, Liz, was charged and convicted of offenses deriving from the hiring process of the Massachusetts Probation Service. The purpose of this letter is to provide my support to Liz, who I have known as a friend for 10 years.

I first met Liz through a mutual friend and became acquainted through numerous dinner parties and athletic activities. Through conversation and observation of her interactions with family and other friends, I witnessed her generosity, honesty, support and consideration for others. Liz's family values were very evident most recently when I attended a weeknight spontaneous "family dinner." Seated at the table were 3 generations of Tavares' family along with close friends, all relating the weeks work and school dilemmas. Liz displayed sensitivity to each person's situation and offered sound non-judgmental advice. She cares not only for her daughter but also her parents who she has brought onto her home to live in their older years. Another very recent example was a Ping-Pong match I engaged in with Liz when after I lost count of the score she took points away from herself to ensure a fair game. Simple example but is the essence of who Liz is. She is about fairness and would not engage in anything criminal. It's against her morale fiber. These are only 2 of many situations where Liz's qualities are evident.

# Advanced Foot Care, Inc.

**Paula M. Marella, D.P.M., FACFAS • Cecilia G. Moore, D.P.M., AACFAS**

It is my personal and professional opinion that Liz is an asset to her family, friends and community. I hold her in the highest regard and I am blessed to have her friendship.

I implore the court to consider the above when you impose a sentence.

Respectfully submitted,

Paula M. Marella, DPM, FACFAS, FACFAOM

Phone (781) 934-8447 • Fax (781) 934-8446
95 Tremont Street • Duxbury, MA 02332

October 27, 2014

Honorable William G. Young
U.S District Court
District of Massachusetts
One Courthouse Way Boston, MA 02210

Dear Judge Young:

I am writing this letter on behalf of my spouse, Elizabeth [Liz] Tavares who has been convicted of charges stemming from the hiring of state probation officers. It is unimaginable that I would be writing such a letter for Liz. When I first met Liz some 20 years ago, what impressed me most was her genuine kindness and thoughtfulness to others. At the time, she had worked for the Massachusetts Probation Service for fourteen years. She began her career in 1980 as a probation officer, hired by Judge Guy Volterra. She worked exceptionally hard at her job, always distinguishing herself. She attained a Masters Degree from Boston University followed by a Law Degree from Suffolk University. Working as a probation officer, she was able to attend evening classes and paid for her advanced degrees.

She was hired into the commissioners office by Commissioner Cochran and Deputy Commissioner Ron Corbett in 1993 as a chief probation officer. Shortly after, she became Associate Legal Counsel to Commissioner Cochran. She ultimately ran the Programs Division, the Field Service and Training Division, and in 2008, became the First Deputy Commissioner of Probation. Liz loved her work. She gave every bit of her heart and soul to the Probation Service. She believed in the work and always thought that if offenders had hope, they could change their lives and

become productive citizens. Much of her work entailed visiting the courts in the state for various projects, she was a member countless committees across departmental lines, and was deeply involved in labor relations. Liz saw the potential in the Massachusetts Probation Service to be the best in the country.

Many of our friends and relatives are having difficulty understanding what has happened. Many are shocked, many are angry, many are confused, but all are supportive. They know Liz. They know she is honest and would never knowingly commit a crime. This experience has been a heartache for all of us. An honest citizen, committed to public service is now viewed as a racketeer, a convicted felon. This entire experience has been devastating to our family in that our 14 year old daughter is anxious that her mother who she looks up to in every way may go to prison, and Liz's parents who she cares for, can't begin to grasp what has happened. They are 89 and 91 years old and are dependable upon Liz's care and comfort. Their daily care rests on Liz.  Her presence allows her parents to live out their old age in dignity and comfort. English is a second language so it is even more difficult for them to understand our justice system.

I work full time as I own a small personal training studio. I'm usually gone for 12-14 hours a day. Liz is up with our daughter in the morning providing breakfast and making her lunches for the school day. Liz provides transportation for Izzy to and from school and is the parent that is available during the course of the day. Her absence would be disruptive to our daughters emotional well being.

Liz's has been punished beyond belief. She has lost her career that she worked so hard to attain, she has had her dignity challenged concerning the press coverage of this case, she potentially will lose her law license, and her real estate and social work license are at risk, she has lost financially to the point that

our family is in jeopardy and our daughters possibility of attending college has been diminished. And lastly, the emotional toll is beyond description.

I ask you to consider Liz as the bond that keeps our family together and is an individual that has always made the right decisions. She is not a criminal. She is truly a person committed to serving the public and has always demonstrated a commitment to the probation service. Lastly, Liz is the most ethical person I know.

Thank you for your time and I implore you to think of Liz as a good and honest citizen when you impose a sentence.


Sincerely,

Deirdre Antonelli



October 9, 2014

Honorable William G. Young
U.S. District Court
District of Massachusetts
One Courthouse Way
Boston, MA. 02210

Dear Judge Young:

I am glad to offer this letter of support for Elizabeth Tavares.

I met Liz in 2011 after she began volunteering in the Development office at the former
Newton Community Service Center, now known as Family ACCESS of Newton. It was
there that she learned about and expressed interest in learning more about the Newton
Child Assault Prevention Program (CAP). After our screening process was completed
(interview, CORI and reference checks) Liz was accepted into the October 2011 CAP
Prevention Specialist training group and has been active up until this past spring.

CAP is an international program focused on reducing child assault and keeping children
safe from peer assault (bullying), abduction and known adult sexual assault. Through
age-appropriate, skill-oriented CAP classroom workshops, children learn and are
encouraged to use practical skills to become confident in their own problem-solving
abilities, strengthening their capacity to recognize and respond to uncomfortable and
potentially dangerous situations. CAP teaches children the importance of assertiveness,
peer support and turning to trusted adults for assistance. Teaching that everyone has
the right to be Safe, Strong and Free, CAP guides children step-by-step from fear to
confidence by means of non-threatening language and active participation in role-plays.

My first impression of Liz was of a solid, honest, caring and empathic person committed
to the empowerment of children. Liz's personal and professional references reinforced
my first impression. Liz was described as "compassionate", "a good listener", "reliable",
"even tempered - not easy to ruffle" and "a voice of reason".

During the time that Liz has been involved with the program, she has lived up to the
high expectations that were set by her screening interview and references. Liz has
mastered the sections of the CAP curriculum she is responsible for teaching. Her
interactions with students, teachers and with her CAP peers are always warmly
respectful and engaging. Liz has, at appropriate times, a playful manner which helps her
keep students' attention. A teacher whose class Liz presented in this past year noted

"Liz and CAP staff were fantastic. Very open to children's answers and provided a safe environment".

Liz has also been an advocate for CAP, playing an active role in the planning and implementation of Newton CAP's first fundraising event.

Early last year I had spoken with Liz about taking on the additional role of being the Team Captain for her classroom workshops. Liz had already demonstrated she had the requisite educational, classroom management and leadership skills necessary for taking on the additional responsibilities of assessing and managing all the moving parts of a workshop, including responding to children who share very sensitive information. As the year progressed we realized that it was best to put this additional role on hold for the time.

In my experience Liz, from the start of her participation in CAP in 2011 and through the present time, has demonstrated admirable strength, dignity and character. I continue to see and experience Liz as a person of great value who has contributed mightily toward helping children be safe. Based on Liz's character and performance we would welcome her back to the program.

Thank you for considering these words of support for Elizabeth Tavares.

Sincerely,

Gail Sommer

Gail Sommer
Director, Community Support and Prevention

October 27, 2014

Honorable William Young
United States District Court
District of Massachusetts
1 Courthouse Way
Boston, MA 02210

Dear Judge Young:

I am writing this letter on behalf of Liz Tavares, who I know was convicted out of the hiring process in the Massachusetts Probation Department between 2000 and 2010.

I am a retired employee from the Office of the Commissioner of Probation. I knew Liz throughout her career in probation.

Liz was always extremely generous with her time, she was always volunteering to participate on committees and training teams. She was on the training team for newly appointed judges, as well as probation officers, assistant chief probation officers and chief probation officers. She spent numerous hours helping the Trial Court get on board with mass courts. Liz did all of this in addition to performing her regular duties.

Liz accomplished a great deal in her years in probation . As a probation officer she made a difference in the lives of the probationers she came in contact with and as an attorney she dealt with numerous legal matters involving union contracts for employees, and new legislation for probation. Liz should be proud of all the good she did for the employees in probation.

I feel that is was a privilege to have worked with Liz at the Office of the Commissioner of Probation. Liz was a valuable asset to probation and friend to those she worked with.

I am asking for your consideration in sentencing Liz on November 12, 2014.

Sincerely,

Janet M. Mucci

Janet M. Mucci

Maria T. Walsh
36 Tennyson Street
West Roxbury, MA  02132


October 16, 2014


The Honorable William G. Young
United States District Court of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way – Suite 2300
Boston, MA  02210

RE:    Elizabeth Tavares

Dear Judge Young:

I write today in support of Elizabeth Tavares.  I have known Ms. Tavares since 1998 when I began working at the Office of the Commissioner of Probation.  I always knew Liz to be poised, professional and well-respected.

Some years later when Liz was promoted to First Deputy Commissioner I worked closely with her each day and we formed a friendship.  I was able to see first- hand why she was so well respected.  Liz is a devoted mother, spouse, daughter and friend.  We often shared stories and supported one and other as we both have a daughter the same age.  We had many conversations about the joys and challenges of raising confident young woman.   I know how devastated Liz is about this entire situation and the lasting affects it will have on her impressionable young daughter.

I admire Liz also for her devotion to her elderly parents.  She is their only child living local and she has taken on the role as caregiver to them.  She has the enormous task of navigating them through the health care system as they deal with failing health.  I can imagine that this has put a tremendous strain on all of them.

She thoroughly enjoyed her work in Probation and was proud of the contributions she made to the Probation service over the years.  She was always professional and had a strong sense of leadership.  I admired her confidence and expertise as she led new judges through an orientation of probation.  Liz enjoyed working with people, it was evident in her smile and the positive attitude she brought to our office each day.  It saddens me to think what the isolation and

The Honorable William G. Young
October 16, 2014
Page Two.


humiliation has done to Liz and her family these past few years. I respectfully ask that you
consider this at sentencing.


Sincerely,

Maria T. Walsh

October 14, 2014

Joan Bastian
636 Commercial Street
Braintree, Ma

Honorable William G. Young
U.S. District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02210

Re: Elizabeth V Tavares

Dear Judge Young:

I am aware that Liz was charged and was convicted of offenses arising from the hiring process concerning state probation officers. It is with great sadness that I write this letter of support for Liz, as I know she would never knowingly commit any crime.

I have known Liz since 1991. We met through a group of mutual friends and hit it off right away. At the time, she was working hard as a probation officer and going to Suffolk Law School in the evenings to obtain her Law Degree. I am proud to say she achieved her goal. I was at the her swearing in as an attoney as we all celebrated because we knew she earned it.

In the entire time I have known Liz Tavares, she has been a hard and dedicated worker. I find Liz to be an honest, reliable, loyal and an amazing person and friend.

I can also say with great certainty the Liz is a woman of impeccable integrity and is extremely dedicated to her 14 year old daughter Isabella. Liz and her spouse Deirdre Antonelli are loving, caring parents who have devoted their life to raising their daughter Isabella together. Liz also is the primary caretaker of her elderly parents whom reside on the first floor of their 2 family home in Newton. I know they would be lost without her.

Accordingly, having known Elizabeth V Tavares for 23 years, I believe it places me in a pivotal position to provide an accurate assessment of her character.

Elizabeth V Tavares is one of the most honest, hardworking, loyal person I know. I can attest with 100% certainty that it is not in her character or her morals and/or her core values to do anything knowing dishonest in life or in her employment.

I appeal to you to please consider my expressions of Liz when you impose sentence.

Sincerely,

Joan Bastian
Independent Insurance Fraud Investigator

November 1, 2014

Hon. William Young
U.S. District Court for the
District of Massachusetts
1 Courthouse Way
Boston, MA 02210

Your Honor:

I write on behalf of Elizabeth Tavares.  It is with the utmost sadness that I learned of the unfortunate circumstances surrounding her unsuccessful defense.   I pray that you will find it in your heart to be merciful at her sentencing on November 12, 2014.

Ms. Tavares was introduced to me many years ago, shortly after I joined the Boston Municipal Court Department.  Although I am unable to remember whether she was, officially, a liaison to the BMC, I do remember that she, unfailingly, responded to the Court's needs, complaints, requests, and sometimes demands – on any issue that pertained to the Probation Department.  Whenever there was a problem that required an answer from the Probation Commissioner's office, it was to Ms. Tavares that I, at least, and I am certain many of my colleagues, directed the call.   She and I also served together on more than one committee relating to the work of the trial court.  She was always ready, willing, and able to participate and to contribute, competent and efficient in handling the committees' assignments.

A few years ago, the U.S. Marshall's Service offered to assist the Commonwealth in reducing its overwhelming backlog of – at the time more than 53,000.00 unexecuted warrants.  The cooperation of the Commonwealth's Probation Department was absolutely necessary to the success of the "Fugitive Safe Surrender" program.  Because of her unstinting willingness to support and further the work of the Court, Ms. Tavares was again the person to whom we turned for assistance.  As usual, she put her heart and soul into the project.  The Probation Department's involvement and participation in the program was unmatched.

There is no doubt in my mind, whatsoever, that your dispensation of justice is always tempered with mercy.  I do not presume to say this with any surety, but, perhaps you would consider the possibility that in this instance, a life completely ruined by the horrible misfortune of being

called upon to make the wrong choices or suffer possible unemployment for refusing may serve as penalty enough?  I thank you for considering the matter in this light.


Sincerely,
Annette Forde (J. Ret'd)



**SMARTER. BOLDER. FASTER.**
CENTURY 21 Professionals
Kimberly Allard–Moccia, CBR, CFS, GRI, E–Pro, GREEN, LMC, AHWD
Broker/Owner
781.848.6062 x12
www.kimberlyallard.com



**2010 REALTOR of the YEAR for the State of MA**



October 2, 2014

Honorable William G. Young
U.S. District Court
District of Massachusetts
One Courthouse Way
Boston, Ma. 02210

Dear Judge Young:

I was recently approached by Liz Tavares and asked if I would be willing to write a testimony as to her character and our relationship. This decision was possibly the easiest one I've ever made, and I replied with a resounding yes.

Here I hope to paint a picture of who Liz is and who she has been to me, my family and hers. I ask only for your forgiveness, because simply encompassing her character in words is near impossible – never mind trying to keep it to less than several pages!

First please oblige me while I explain who I am. The purpose for this is for nothing other than to explain what my reputation is and exactly why it is the biggest thing I could ever be asked to sacrifice. Following that I hope to explain exactly why putting that reputation on the line for Liz was the easiest thing I could ever be asked to do.

My name is Kimberly Allard-Moccia. I hold a Real Estate Broker's License in Massachusetts and have been a REALTOR for 16 years. I've served on countless boards, both locally and nationally. I speak regularly at conferences and teach classes state wide. I've served both as the Massachusetts Association of REALTORS® President and Immediate Past President and have also been recognized as Massachusetts REALTOR® of the year in 2010. My career is incredibly important to me. I've worked tirelessly and seemingly endlessly for it and I am constantly aware of how my entire life is focused on maintaining an impeccable reputation. For if it weren't for my reputation, my identity as a REALTOR would not exist. This is something I hold very dear to me – and I say without reservation that I would not risk this for just anyone. There is a very precious few that I would even consider it for. Liz is one of them, without question.

I am blessed to have a cherished relationship with Liz Tavares. I have known Liz for over 20 years. During that time, we have vacationed annually together, been present for each other's weddings and I had the privilege of being present for the birth of her daughter, Isabella. We have shared 40th birthday celebrations and now 50th birthday celebrations, and we spend every Christmas eve and most every New Years eve together. To say I consider Liz my best friend is an understatement; Liz is like a sister to me. Her family is my family and mine, hers.

The greatest part of having Liz in my life is that I have always, always admired her ability to make the right decision at the right time. She is the one person I can count on to look at a situation and see all aspects of it and offer me sound, fair and thoughtful advice. I have always admired her ability to hold it together when the rest of us can't find the strength. She is always calm and collected, always composed, always level headed. She is our rock. I have relied on Liz so many times to help me make the right decision during some of life's most difficult challenges. To have a friend like that is rare, especially nowadays, and I truly feel sorry for people who don't have someone like Liz to lean on.



**SMARTER. BOLDER. FASTER.**
**CENTURY 21 Professionals**
**Kimberly Allard–Moccia, CBR, CFS, GRI, E–Pro, GREEN, LMC, AHWD**
**Broker/Owner**
**781.848.6062** x12
**www.kimberlyallard.com**

Elizabeth Tavares continued page 2 of 2

This has been a painful time in our lives.  I have watched what the last three years has done to Liz and her family. I find myself constantly wondering how can anyone sleep at night knowing that the last 30 years of dedication, commitment, hard work, skill and compassion have turned into such a nightmare; one that could end your life as you know it and rob you of everything you've worked a lifetime to earn.  Even with this all occurring, it has amazed me at how Liz has managed to remain strong for her family.

She has continued to be a caretaker for her elderly parents whom live in the same home as her.  She has kept them comfortable and well cared for – and above all calm during this ongoing crisis.  Even with all this work, however, you can see in their eyes how afraid they are for the future of their only daughter who resides in this country.  It's heartbreaking to see what this has done to them.  A person of lesser character might have found it easy to crumble and blame others, yet Liz continues to put others BEFORE herself.  What a testament to her character this is.

In addition to keeping her family steady and focused on the positive, Liz has also maintained a volunteer position in her community.  All of this is done in order to reinvent herself professionally in an attempt to continue to provide an income for her family. She continues to serve others while she endures a fear of the unknown.  A fear that she has forever lost a job that she loved and was passionate about, a fear that she has lost her ability to provide for her family whom she holds so dearly, and one of the worst fears, one that I could never imagine – the fear that she has lost the most valued of all: her impeccable reputation.

She finds herself in a place where she now faces the unthinkable… her and her family's future, one that she has worked so hard to secure, is in the hands of another person.  I cannot imagine what this is like.

I often wonder to myself - when is it going to be enough?  Hasn't her family been put through enough? I worry about her daughter too - Izzy is now starting high school and needs both parents, parents who have been so strong and supportive to her, who have sacrificed and invested so much into her and her education.  The thought of this being compromised sickens me.  This family has stuck together through it all, and Liz is the glue that keeps them together.

 I don't say this lightly when I say that Liz Tavares is a person that many admire, trust and love.  And for what it's worth, without a moment of hesitation I would lay my reputation on the line for Liz.  No question.

I truly appreciate your consideration

Kimberly Allard-Moccia, CBR, CFS, GRI, E-PRO, GREEN, LMC, ITI, AHWD, REALTOR®
Broker/Owner, CENTURY 21 Professionals

2014- Federal Political Coordinator, National Association of REALTORS
2013- President, MA Association of REALTORS
2013- Director, National Association of REALTORS
2013- Director, MA Association of REALTORS
2010- MA Association of REALTORS, REALTOR of the YEAR
2010- Omega Tau Rho Medallion of Service, National Association of REALTOR's highest honors
2008- Outstanding Service Award, Plymouth & South Shore Association of REALTORS
2007- Presidents Award, Plymouth & South Shore Association of REALTORS
2006- President, Plymouth & South Shore Association of REALTORS

Fax 781–394–0319, MA RE Brokers License #9033983
72 Hancock Street, Braintree, MA 02184

BURNS & LEVINSON LLP

LISA M. CUKIER
617.345.3471
LCUKIER@BURNSLEV.COM

125 SUMMER STREET BOSTON, MA 02110
T 617.345.3000  F 617.345.3299
BURNSLEV.COM

October 8, 2014

Honorable William G. Young
U.S. District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02210

### RE: *Elizabeth Tavares*

Dear Judge Young:

I am writing this letter on behalf of Elizabeth ("Liz") Tavares, who I know was convicted of charges arising out of the hiring process in the Massachusetts Probation Department between 2000 - 2008. I have known Liz since the mid 1990s. We are friends and colleagues. I am stunned by the most serious criminal charges and conviction against Liz. There are no words in our language to describe the monumental irony of the situation Liz is in. Liz dedicated her career to law and human services and in so doing, now risks losing her own liberty.

Liz started her career in probation and I started my career in social work. We both went to law school hoping to use our carefully selected careers to do good in the world around us. Nothing mattered more to us than using our skills, knowledge, education and talents at the intersection of human services and law for the good of others in our world. Liz went to the Probation Department and I went to the Department of Mental Retardation and Department of Mental Health.

Liz and I also share a concern for repairing the world around us through raising children. We both became mothers later in life after our careers were settled and secure enough to offer children the best opportunities that we and our communities can offer. We each have little children over whom we provide day to day personal care, moral guidance, emotional support, discipline, consistency, security and stability. Our children learn the concepts of law and social responsibility and altruism from us. Our children need us, count on us, rely on us, lean on us, depend on us.

Liz and I are dedicated to community service and the financial support of charitable organizations. We both participate in charitable fundraisers. We support organizations that support those who are less privileged than ourselves. We support our mutual friends who support

October 8, 2014                                   BURNS & LEVINSON LLP
Page 2

charitable organizations. We view it as our duty to use our time, energy, financial means and
other resources to look after individuals less fortunate than ourselves.

Liz has a strong work ethic. She is a hard worker, dedicated public servant, loyal,
professional, unwavering in her desire to assist others and to make the community a safer more
secure place. She brings a high level of honesty and integrity and great energy to all aspects of
her life. She is kind, compassionate, empathetic, charitable, generous, loving, intelligent, and
trustworthy.

It is with great respect and deference to this Court that I ask for consideration of my
words in this letter when sentencing Liz on November 12, 2014.

Very truly yours

Lisa M. Cukier

LMC/tle

October 10, 2014

Honorable William G. Young
U.S. District Court
District of Massachusetts
One Courthouse Way
Boston, MA. 02210

Dear Judge Young:

I have known Elizabeth Tavares for thirty years. We first worked together at the District Court in Taunton, Massachusetts. I was a volunteer in my first year of law school and she was an employee of the probation department. Working side by side in rather cramped quarters, I was able to see Liz at work throughout the day and listen to her interactions with her clients. She was patient, but firm. She took the time to truly listen to what her clients and their representatives had to say. She always approached her role in probation with professionalism and pride. Liz always exhibited a strong work ethic and always took her responsibilities seriously. As importantly, Liz understood that there were circumstances that were beyond the client's control that may have contributed to them becoming a client. She exhibited sympathy to those who struggled with substance abuse. She offered help to those who were suffering from domestic abuse. Day in and day out she not only heard about the problems people struggled with, she offered them assistance that she provided and enlightened them about help that could be found elsewhere.

Working in state government, you see people who want to get as much out of the system as they can get. You also see people who are public servants who want to give. Liz always fell into the latter category. She had a job to do and she wanted to do it well. She always worked to do her job well and she understood that she was dealing with people – not just another file. She was always pleasant to work with. Everyone always liked and admired Liz.

Since I left the Taunton District Court House, I have maintained contact with Liz and I've gone on to work in other roles in state government. Over the past twenty years, I have been working in the private sector for a large telecommunications company. Each year the goals and objectives move up a little higher and you need to have a team that is willing to work harder to achieve or exceed those goals. You always have your "go to" people who are reliable and hardworking, but are good people to work with at the same time. Liz is one of those "go to" people.

During my years in both the public and private sector, I have been able to personally observe hundreds and hundreds of people progress through their careers. I have direct oversight over

hundreds of employees today. I need to have smart, hard-working and trust worthy people on my team to achieve our goals to be successful. I have those types of people on my team today and I would hire Liz today without hesitation to be a part of my team. I make that statement knowing that she has been found guilty of committing a crime. My company has a policy that generally precludes a candidate from securing employment with us if they have a prior conviction. I have met with my Human Resources department to ask if there are exceptions that can be made. They have said there can always be exceptions.

I think I have survived five different mergers and spin-offs in the telecommunications industry and have been promoted and retained leadership positions despite all of that change because I have built a reputation for hard work, reliability and strong results. I hold the role of Senior Vice President of Government and Regulatory Relations and I greatly value the reputation I have built over my career. Taking risks can have a negative impact on my reputation. I would gladly seek an exception from a policy that precludes someone like Liz Tavares from working with me. I know her work ethic. I know her intelligence. I know her compassion. I admire and respect the person who I know is Liz Tavares. I know that I would take no risk whatsoever by giving her a chance to start again. Liz is the same smart, hardworking and compassionate person I met thirty years ago. She rose up in the ranks of the probation office because of what I have seen over the last thirty years. She is smart, hardworking, reliable, and compassionate

If anyone would like to discuss my letter or Liz, I am happy to make myself available. My direct line at work is 603-695-1500 or my cellular telephone is 617-279-5302.

Sincerely,

Mark E. Reilly
24 Porter Street
Portsmouth, NH 03801

October 22, 2014

Honorable William G. Young
U.S. District Court
District of Massachusetts
One Courthouse Way
Boston, MA  02465

Dear Judge Young:

We are writing in support of Elizabeth Tavares who we know was charged and
convicted of offenses arising out of the hiring process concerning probation
officers in Massachusetts.

My wife and I have known Liz for approximately ten years. We have had the
opportunity to spend time with Liz and her family, Deirdre and Izzy. We have
spent time with them at their home, enjoying cookouts and holidays. If asked to
describe Liz, we would say she is an intelligent woman, a loving and caring friend
and someone truly dedicated to her family.

We feel as though Liz is a woman of great character, we have watched her balance
work and family and have seen her do that better than most. Liz is very dedicated
to her family; whether it is taking Izzy to her softball tournaments all over New
England or by caring for her aging parents by moving them into her home.

Liz has been a great friend to us, a woman of integrity, a great mom and partner,
and someone that I see as a role model for young women.

Liz is a woman who has made significant contributions to her community. We ask
that you please consider who Liz is when sentencing her. She is a person who has
dedicated her life to public service, a person who has taken on the responsibility of
caring for her aging parents, and a person with a high morale compass.

Sincerely,

Patrick & Theresa Normile

November 3, 2014

Honorable William Young
U.S. District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02210

Dear Honorable Justice Young,

My name is Marianne Dodero and I am writing on behalf of my very
dear friend, Elizabeth Tavares. I am employed as an Assistant
Chief Court Officer at the Brockton Division of the District
Court Department. I have been employed by the Trial Court for
over 20 years. I have known Liz for over 30 years when she began
her career as a probation officer in the Taunton Division of the
District Court Department. Liz was a major factor in my decision
to seek employment with the Trial Court. It has been a great
opportunity for people who want to help people, as Liz has done
for many years.

When I first met Liz, she was living with her parents and her
grandmother. Her parents immigrated to the United States from
the Cape Verde Island some 70 years ago to seek a better life
for their family. Liz's parents are very hard working people
who wanted to provide the best for Liz and her older sister
Yvonne, who has been living overseas for 30 years, most recently
in Singapore

Liz has always been a hard working, determined, trusting person.
I had the opportunity to work with Liz as she worked 2 jobs to
put herself through Law school. We both worked as armed security
agents for Vance International. At that time, Liz had the trust
of King Hussein of Jordan to protect his daughter as
she attended Dana Hall in Wellesley, MA. Liz is an honest and
trustworthy woman.

Working in the Court system, Liz has always been a respected and
admired figure in the Probation Department. She gained the
respect of numerous judges and staff. I witnessed first hand how
much the judges respected and admired her work. Many today
still wonder why she of all people was faced with prosecution in
Federal Court.

For over 30 years I have had the opportunity of being involved
in Liz's accomplishments both personally and professionally.

Never in my wildest dream did I ever expect to sit in the
Federal Court as I did day after day and watch
Liz be prosecuted as a defendant in a criminal case, never mind
see her convicted of a crime.

Liz met her spouse Deedee 20 years ago, and five years
later, Deedee gave birth to their beautiful daughter Isabella.
Izzy is the love of Liz's life and as a mother, Liz is devoted
to ensure that Izzy is a respectful, honest, intelligent and
loving young woman. Izzy loves both her parents tremendously and
she has accomplished so much at a young age through the guidance
of Deedee and Liz. As an accomplished athlete, a talented
artist and an honor student, Izzy would be devastated by the
loss of one of her mothers at such a tender and vulnerable age.
What kind of future would she face I wonder, having to visit her
mother in a federal correctional facility or worse yet, faced
with not being able to see her at all? I can't fathom that this
Honorable Court would want to impose such punishment on a family
and if so, toward what end? In addition to the irreparable
damage to Izzy, Liz is responsible for the care of her elderly
parents who because of their advanced years moved in with Liz,
Deedee and Izzy. At 91 and 89, their health is deteriorating and
are dependent upon Liz. Her parents depend on her daily for
their basic care, food and medical care. If Liz were to be taken
away from her parents lives at their age, it would be so life
changing for them. I cannot see them surviving long without her
help especially if Deedee were placed in the difficult position
of raising their young daughter as a single parent.  While her
parents are a bit confused now as to what is happening, I find
it hard to see the imprisonment of their beloved daughter as
nothing less than a death sentence for both of them.

Everyone that Liz's life touches on a daily basis would be
impacted tremendously if she were to be sent away. Your Honor, I
have known Liz for 30 plus years and I have never known Liz to
do anything immoral never mind illegal.

She was so respected by many in the Courts, and honestly still
is, as many still talk about what a wonderful person she was to
all. Liz has done so many positive things in her life for her
daughter, her spouse, her parents, her friends. We would all be
at a tremendous loss if she were to not be in our lives for any
amount of time. I spent most days at the trial with her because
I supported and believe in her, and still do. She helped so many
people when she was working with Probation. I was always proud
to tell people she was my dear friend, as I still am proud of

Liz and what she has done in life. She is truly one of the most decent human beings that I've known in my lifetime. She has suffered enough through this ordeal, financially, emotionally,and physically. She has lost her dignity and sending her to jail will be of no benefit to anyone. She is not going to reoffend, or break the law in any way. She has been punished. Sending her away would punish all of us that love her.
I have a lot of respect for our Judicial System as does Liz, and I believe you will do the right thing.


Thank you for your time and consideration


Respectfully,

Marianne Dodero

SUSAN CORSON DESIGNS

October 22, 2014


Honorable William G. Young
U.S. District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02110

Dear Justice Young:

I met Elizabeth Tavares fifteen years ago through Deirdre Antonelli who
is now her spouse. We've spent many times together at her home, at my
home and out with friends. On many occasions I would be at her house
with DeeDee and their daughter Izzy relaxing in jeans, cooking dinner,
when Liz would finally walk through the door in her suit and heels, late
again from her job, which she loved. Over the years I've heard many
stories about how she arrived at this department – the years of study and
hard work to become an attorney while working as a probation officer
and then to the administrative office of probation.   I've always admired
her dedication and have the utmost respect for her work ethic. She has
devoted over 30 years to the public sector.

Years ago I worked for the City of Boston on the Community Development
Block Grant under Kevin White and I thought I had an inkling of what Liz's
job might be like, in terms of the political undertones, but I doubt she
ever knew that. We didn't talk in too much detail about the intricacies of
her job, mostly because when she was home, her family was her focus,
but I knew she held a serious position and treated it that way.

I became good friends with DeeDee through her personal training studio
where she helped me get through a difficult physical injury. I think I was
one of her original customers and I watched her build her business.
When Izzy came along, DeeDee and Liz built their lives around her,
eventually enrolling her in a small private school where her special home
life (two moms) was accepted and she flourished there. They made real
financial sacrifices to keep her there and slowly improved their two-
family home and bought other income property to provide for Izzy's
future. When Liz's elderly parents needed looking after, Liz moved them
into the first floor of their two family house. It was so important to Liz
that they be safe and comfortable, given her mom's ill health and her
dad's limited mobility. Also, Liz is the only child of her parents living in
the U.S. making it even more of a responsibility to care for them.

info@susancorsondesigns.com   www.susancorsondesigns.com
ph 617.332.9207   f 617.928.1308   40 Neshobe Road, Waban, MA 02468

SUSAN CORSON DESIGNS

This has been a real benefit to Izzy as well.  First seeing the love and respect that her mom has for her parents and second being able to spend time with her grandparents, learning about her family and their vast experiences.  I see the effects that Liz has had on her daughter through her examples of hard work, charity and kindness.  She and Izzy have a very close bond and both DeeDee and Izzy depend on Liz in so many ways.  She is the strong and serious minded arm of this family who can be depended on for support and comfort.

It has amazed me how they have gotten through the last four years and I am sure it was in large part due to Liz's incredible sense of duty to her family.  She took a job in real estate – starting completely from scratch at the age of 55 in order to keep her family afloat.  All of the years of study and diligence were now pushed into the past and under the greatest stress imaginable, she held her loved ones together.  The emotional and financial impact of this case has been daunting and difficult to imagine, hurling this family into a scary and unimaginable future.  I (and all who know Liz) am so shocked by the outcome of this trial and now extremely concerned for the welfare of this family should the worst happen and Liz goes to jail.  How will her young daughter handle this horrible outcome for the mother she knows to be honest and good?  Will DeeDee be able to support them, pay their huge debts, working longer hours, spending less time with their daughter who will need her more than ever?  What becomes of her elderly parents who depend on her for support?  We all love Liz and this family and ask the court to protect them from this unnecessary punishment.  Her value to this community is so vital and losing that would be a horrible waste.

I ask that you consider my expressions when sentencing Liz.

Sincerely,

Susan Corson

info@susancorsondesigns.com    www.susancorsondesigns.com
ph 617.332.9207   f 617.928.1308   40 Neshobe Road, Waban, MA 02468

Pondok Taman Petanu No. 11
Banjar Sumampan, Desa Kemenuh
Gianyar, Bali, Indonesia 80571

Honorable William Young
U.S. District Court, District of Massachusetts
1 Courthouse Way, Boston, MA 02210

Dear Judge Young,

I am writing regarding the case in hand that involves my aunt, Elizabeth Tavares. Over the years, I have been following the case involving one of my closest family members, someone that I have deeply admired and respected as a role model since I was young enough to remember.

Now, 30 years into my life, I realize that my aunt has been a strong influence. She possesses lead by example qualities - never one to preach her values rather just implying and embodying them through her actions. I believe that her influence has bettered my ability to serve as leader in my professional career (founder of 2 companies) and personally in my community.

My mother, Yvonne Tavares Loh, and Liz have demonstrated a strong sense of family care throughout my life. When I was younger, Liz was the "cool auntie" figure that I always looked forward to hanging out with and going to do fun things like see a concert or go on an outing or watch a movie. These days, I admire how both Liz and her partner, DeeDee, have worked so hard in their careers to steadily support a great home environment for their family, schooling for Izzy, their daughter, and a place for my beloved grandparents to live in.

As my parents and I live across the world, it is such a blessing that Liz is able to house my grandparents, Nanny and Papa, in her 2 family home. Knowing that Liz is there for Nanny and Papa, keeps our family strong and my grandparents feeling loved and nurtured in their old age. It is hard to imagine a scenario where Liz is not there to take care of them.

In short, Liz is a role model and upstanding family member who plays a pivotal role our lives. She makes a positive impact on the people around her and lives her personal and professional life with integrity and diligence. I hope you will consider the above when making your judgement. Many thanks for your consideration.

Sincerely,
Melissa Loh

Melissa Loh
09/28/2014



*Trial Court of the Commonwealth*
*District Court Department*
**Brockton Division**
*215 Main Street Suite 140*
*Brockton, MA 02301*

JULIE J. BERNARD
FIRST JUSTICE

*TELEPHONE*

*508-587-8000*

**KEVIN P. CREEDON**
CLERK-MAGISTRATE
**MICHAEL L. BRANCH**
CHIEF PROBATION OFFICER

September 29, 2014

Honorable William G. Young
U.S. District Court
for the District of Massachusetts
John Joseph Moakley U. S. Courthouse
One Courthouse Way, Suite 5710
Boston, Massachusetts 02210

Dear Judge Young:

In the year 1980 I was a probation officer in the Taunton District Court. One morning someone knocked on my office door and in walked a brand spanking new probation officer by the name of Elizabeth Tavares. Ms. Tavares had just been appointed by the Honorable Guy Volterra. Parenthetically, I could not understand the logic or wisdom of taking the then appointing authority, away from the Presiding Judges.

Over the next three years I came to know and appreciate the skill this young woman possessed in communicating to her probationers, fellow staff members, members of the Bar, and the general public. It was this ability to communicate and listen that set Liz apart from other probation officers and other staff members. No job was too big or small to get involved in the "nitty-gritty" of probation work. She had a significant impact on many, many lives during the period we served together.

In 1982 I was appointed Clerk-Magistrate of the Brockton District Court and kept in touch with Ms. Tavares from afar as she moved up the ladder in the Probation Department. Many of her former colleagues and friends were very proud of her accomplishments when she was appointed First Deputy Commissioner of Probation. Some thought, myself included, she would be the first female Commissioner of Probation.

Those of us who work in the Courts of the Commonwealth fully understand the sacrosanct finding of the jury. My writing to you today on behalf of Ms. Tavares is as a former colleague and friend who has first hand, witnessed the good things she has done in her career and if given the chance, will continue in those efforts in the next chapter of her life.

Very truly yours,

KEVIN P. CREEDON
Clerk-Magistrate

KPC:nep

Honorable William Young
U.S. District Court
District of Massachusetts
1 Courthouse Way
Boston, MA 02210

Dear Judge Young:

I'm writing in the hopes of giving you a fuller picture of who Elizabeth
Tavares is—the strength of her integrity, her generosity, and her moral
compass.

I've known Liz since 2008, when my daughter, Annabel, joined the Park
School in third grade. Liz and her wife, DD, volunteered to be our host
family (their daughter, Izzy, was in Annabel's grade). They welcomed us
into their home, and our daughters became fast friends. My husband,
Brendon, and I also became very close to Liz and DD, and consider them
to be our best friends at the school. We've vacationed together, sat
through school softball games together, and shared each other's
challenges over the years.

Through every stage, I've been struck by Liz's commitment to doing the
right thing. One of those things has included taking care of her very
elderly parents. A few years ago, she and DD moved Liz's mom and dad
into the lower floor of their condominium so that Liz could care for them.
There wasn't a day that I saw Liz when she wasn't making time to drive
one of them to a doctor's appointment or the grocery store, or just to
check in on them. Most people I know would have moved their parents
into assisted living and let others take care of them, but Liz knew they
would want to be in their own home, and she's done everything possible
to make them comfortable.

Liz's generosity and integrity extends beyond her family. Over the past
three years, she's refused to be idle—instead she's channeled her
professional skills into helping others. She volunteered at the Newton
Community Service Center in the development office and the Child
Assault Program. She also volunteered at the Newton Public Library in
their English as a Second Language program. I'm amazed by her ability to
put the needs of others first when she herself is going through such a
stressful time. But that's just who she is. She doesn't ask: "What's in this
for me?"

Through all that has happened, Liz has never stopped caring for and supporting her daughter (I think she attended every school softball game in the past three years). Izzy has thrived and is herself a generous spirit -- thanks to the steadiness of Liz and DD's relationship and to their unwavering commitment to providing a home that is firmly rooted in ethical behavior and the humane treatment of others.

I urge you to take these factors into consideration in your sentencing.

Sincerely,

Caroline Bicks
Associate Professor
Boston College

September 18, 2014

Honorable William G. Young
U.S. District Court
One Courthouse Way
Boston, MA 02210

Dear Justice Young,

I understand that it is typical to write of a person's good acts or outstanding character when writing a request for leniency in sentencing. It would be easy to do so for my aunt, Liz Tavares, as I have only known her as an upstanding citizen. It would be easy to plead for leniency because she takes care of my elderly grandparents (88 & 90 years old!), or because she is a good mother to her daughter who just started her first year of high school, or because she is honest, hard-working, and doesn't deserve to be convicted of the charges the prosecution brought against her.

But I am sure you have heard many of those arguments before. How can you differentiate between what is true and what is just someone begging for her loved one to stay out of prison?

So, instead, I hope to write a letter that shows that Liz is a real person, with faults and strengths, whom I love very dearly.

The first thing that I think of when I think of my aunt is how she busted me in high school for throwing a party when my parents were out of town. Perhaps this isn't germane to her court case, but to me, it reminds me of the first time that I knew that Liz had a greater strength of character than I had ever imagined. She is six years younger than my mother, she hadn't been married yet, and she always took my sister and me to her friends' houses to go swimming or have a barbecue - in short, she was the "cool" aunt. I thought that she would let me slide on the party in order to keep her coolness level intact. No such luck. The long story short is that I ended up grounded for two months, felt beyond embarrassed in front of my friends, and never had an unsanctioned party again. I also ended up going to an Ivy League school, graduating magna cum laude, and I have successfully run my own tutoring business for the last 10 years. Is it all because Liz shut down my party? No, of course not. But is it in part because of how she taught me a lesson that night? I would say so.

Liz probably doesn't even know that this is how I think about her. In our family, we don't demonstratively express our emotions. Perhaps it's something of the Portuguese heritage. My grandfather is a real salt-of-the-earth type of man who served in the Merchant Marines, often away from home for months at a time when Liz was growing up. He has the biggest heart, even if the smallest words. We don't often say, "I appreciate you" or "I admire what you did" or even "I love you". It feels awkward and uncomfortable, although it is true. One thing I've never told Liz to her face is how much I admire that she put herself through law school, at what I thought at the time to be very old to go back to school (30 years old to be exact). I was young and didn't know that it takes your 20's to figure out what you want to do in life. Only now that I'm 34 do I realize how brave her decision was. My mother was always the academic star (having graduated from Brandeis and consequently getting two masters degrees) - Liz was not. I don't

August 28, 2014

Honorable William G. Young
United States Federal Judge
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
18, 5th Floor
Boston, Massachusetts 02210

Dear Honorable Judge Young:

I am writing this letter to support Elizabeth Tavares. I have known Liz for almost 20 years; she is my husband's first cousin, my daughter's godmother and most importantly our children's guardian and the executor my and husband's Last Will and Testament. I am sure you are looking for objective letters of support and I will do my best to write this letter as an impartial as I can. I have attached my CV in order for you to understand my background. I feel that my experience yields itself to objectivity.

Since meeting Liz in 1995, she has been a public servant in the Massachusetts Department of Probation. My entire career has been based on assessing and judging people's skills and integrity. In the 30 years I have been working professionally, I continue to see people shop around for the next best offer, but Liz never did that, she was what has become an archaic word, "loyal". There is not one doubt in my mind that Liz has always possessed the highest level of honesty and professionalism as a public servant. When this "scandal" began four years ago, I was often quoted as saying, "If you lined up 50 of my friends and asked me to rate them in terms of honesty and integrity, Liz would be in my top five."

As an employee of Beth Israel Deaconess Medical Center (BIDMC) since 1995 and the Chief Administrative Officer of Psychiatry at BIDMC beginning in 2004, we became the appointing Harvard Medical School department for research and education at Massachusetts Mental Health Center (this is quite a mouthful) in 2005. This relationship has provided me with a significant amount of experience with the public sector government. I will not go into the details of this relationship, but what I will say is that public sector managers do not have the ability to manage independently. Legislators are constantly involved in influencing and manipulating operations,

budgets and personnel.    As you said time and time again in the trial, "Patronage is not a crime". I cannot count the number of times in my career that my superiors expressed an "interest" in the brother/son/cousin/friend and wanted me to put them on the top of the list. I experienced it both in not for profit and for profit work. Liz never benefited financially or personally from what she has been convicted for. Liz simply relayed the names of recommended qualified candidates to the Commissioner's representative. Liz was following the "orders" from her boss, who received these candidates from judges and elected officials. If Liz is guilty of this, so am I and many others. How can a jury decide that there was unfavorable hiring without interviewing every candidate that ever applied for a job?

Throughout the 20 years I have known Liz we have vacationed together more than two dozen times. Liz always worked during these vacations, keeping in touch, available for issues, etc. I remember a few calls with Commissioner O'Brien talking about issues at work involving the many initiatives they had started. That would imply to me that things were running well. Given my experience with the public sector, I was always interested in comparing notes, not once did Liz talk about manipulating hiring practices or major issues with employees. In fact, it seemed to me that there was little turnover. If there were few calls on vacation over many years, and low turnover, doesn't that mean things were going well?

Liz and her spouse have always worked hard. Liz has multiple degrees and Deedee is an entrepreneur, owning her own personal training business (as long as I have known them). On paper, they probably look very successful, but they have worked very hard for it and should not be judged for their success. They have one daughter, 12 weeks younger than my oldest daughter. When I tell you they are completely devoted to her that is an understatement. They are completely focused on Izzy's educational, athletic and artistic development.

In addition, Liz and Deedee relocated Liz's parents to their two family house in Newton. This was a priority of hers given her parents failing health and their inability to live independently in Canton. Most people would have contemplated an assisted living facility or home health, but that was not an option for them, they were loyal to Liz's parents, and moved them to their home without question. Liz's only sibling lives in Singapore, with no other immediate family close by. Their complete care is under Liz's supervision. This again emphasizes Liz's loyalty to her family and doing what is right.

Not only is Liz the guardian for our children, but the executer of our estate which involves my special needs sister. This in and of itself is very complicated and requires someone trustworthy and intelligent. These documents have been in place longer than this case, which emphasizes our trust in Liz's integrity, ethics, kindness and devotion to our children. Not once did my husband

and I consider altering these documents when Liz was charged with these crimes. Liz is an extremely balanced woman. She is methodical, intelligent, kind, loyal and caring. Based on her degrees, she could have doubled her paycheck a few times over, but she believed in what she was doing and was loyal to the Massachusetts Department of Probation for almost 30 years. She defines the definition of "Public Servant". The state of Massachusetts has been fortunate to have her all of this time.

I respectfully ask that you consider this letter as you determine the sentencing for Elizabeth.

Sincerely,

Sandra A. Leitao

Beth Israel Medical Center
Department of Psychiatry
Chief Administrative Officer
330 Brookline Avenue
Boston, MA 02215

1

Robert L. Peabody, Esq.
685 West End Avenue, #12B
New York, NY 10025

October 14, 2014

Hon. William G. Young
United States District Judge
United States District Court
One Courthouse Way
Boston, MA 02210

>           Re:     Elizabeth Tavares;
>                   United States v. Tavares, et al., 12-cr-40026-WGY

Dear Judge Young:

I am writing in support of Elizabeth Tavares, in particular, looking ahead to her sentencing before the Court on November 18, 2014.

Notwithstanding the Federal Sentencing Guidelines and its calculation of Tavares' offense conduct in light of the jury's verdicts, I respectfully urge the Court to weigh heavily and otherwise rely on the sentencing factors set forth in 18 U.S.C. §3553(a) in reaching a just and fair sentence in her case. I urge the Court to impose a sentence of Probation for a term of years for Tavares and not impose a period of incarceration.

I am not Tavares' attorney, but having participated as prosecutor and defense attorney in many, many federal sentencings for more than fifteen (15) years, I am sufficiently well-versed in the process to recommend *probation* for Tavares based on what I know about her conduct as a Deputy Chief of the Probation Department and, more importantly, about her good character and accomplished past.

Much has been written about Tavares' case: the government's decision to seek Indictment in the first instance, the absence of legislators at defense table, and most significantly, the highly political tenor of the case. Little of that is relevant as the jury returned guilty verdicts. Nonetheless, knowing Tavares as long as I have, I can vouch for her professional reputation and 30 years of service to both the Commonwealth and the Probation Department.

Starting as a "front line" probation officer in 1980 in the Taunton Division of the District Court Department, elevated to Assistant Chief PO, Chief PO, and later Associate Legal Counsel to the Commissioner of Probation, Don Cochran, and finally to her promotion to Administrator of the Probation Department, Tavares distinguished herself as an experienced and tireless advocate for the hundreds of men and women whom she supervised on probation. Those with whom Tavares worked I know would describe her as a "special" probation officer; the kind who

resisted violating those under her supervision choosing, instead, to mentor them through issues keeping them from completing probation and returning to their lives.

As a senior PO and more recently as Deputy Commissioner of Probation, she had the confidence and trust of Chief POs around the Commonwealth because of her leadership, experience, and clear thinking. As the Department's #3, Tavares made the "trains run on time" statewide and "on" budget. Tavares was proud of the route she had taken from "line" PO to senior staff of the Department; it was the right way, one based on hard work and committed public service. Tavares' thirty years of exemplary public service, Your Honor, should trump her offense conduct in this case. Whatever conduct the jury held her accountable for emanated from the Commissioner and no one else. Unfortunately for Tavares, she did as she was told.

Tavares's exemplary personal and family life must also be part of the Court's sentencing continuum. Tavares has been married to Dierdre Antonelli, a small local business owner, for 10 years of their 19 year relationship. They have a beautiful daughter, age 14, who is a 9th grader in the Newton Public Schools. Recently, Tavares and Antonelli renovated part of their house so that Tavares's elderly parents could live with them and she could help manage their health care and other needs.

Tavares's family is part of a larger Newton community where they participate in a host of activities with a particular emphasis on softball (her daughter is a star pitcher). Ever-mounting legal fees and the potential loss of Tavares's income should the Court incarcerate her threatens their family security and raises the possibility that Ms. Antonelli, alone, will have to provide sole financial and emotional support for the child who is an innocent victim, as well as help Tavares's parents manage their lives as they continue to age.

Please take my comments into consideration, Your Honor, as you weigh the important yet difficult burden of imposing sentence on Elizabeth Tavares.

Sincerely,

Robert L. Peabody

cc:    Elizabeth Tavares

October 30, 2014

Judge William G. Young
United States District Court
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

**Re: Elizabeth V. Tavares** in United States v. John J. O'Brien et al, Cr 12-40026-WGY

## REQUEST FOR LENIENCY

Dear Judge Young:

I ask you to be lenient when sentencing Ms. Elizabeth V. Tavares. I worked with Ms. Tavares for more than 18 years and believe she is a worthy person for your merciful judicial compassion. Ms. Tavares was committed to doing her job well, and her heart is filled with contrition for the behavior resulting in her conviction. The brevity of this letter is not commensurate with my level of support for Ms. Tavares, and I fully agree with the many reports I am sure you have received regarding her professional and personal accomplishments. I simply hope to avoid wasting your time by repeating what you most likely already know.

I did not attend Ms. Tavares trial, and obviously there is much about the facts, specifics of her trial and conviction that I do not know or understand. I ask that you over look any false assumptions by me, and that you do not find my opinions inappropriate in any way. My sole purpose is to help Ms. Tavares during this difficult period in her life by, I hope, better informing your judgment. I formed my opinions from the vantage point of nearly 30 years of employment in the Massachusetts Trial Court. I hope enough of my opinions will align with the facts you learned at Ms. Tavares' trial to warrant your compassionate consideration of her during sentencing.

I understand, as established by the jury's verdict, that Ms. Tavares' participation in the probation department's hiring process was illegal, and cannot go unpunished. There is no persuasive excuse that can justify her conduct, and it is not my purpose in writing to you to create one. She failed in her duty, and will carry the weight of it for the rest of her life. I seek only to lend my support to a sentencing judgment short of incarceration.

In your deliberations of the most just sentence for Ms. Tavares, I ask that you consider the context of her crimes: In my opinion, Ms Tavares should not be punished as a false symbol of a tainted system, created by others more culpable than her; nor should she serve as a sacrificial scapegoat for a system with roots that long predated her employment, ran deep into the many cross currents always at play in Massachusetts politics, and often times supported by a Judiciary, sometimes too willing to abnegate its constitutional responsibilities in exchange for false institutional securities.

Like most social and economic injustices, patronage in the probation department of the Trial Court, and all its attendant discriminatory practices, were perceived as operational support beams, and had been such a pervasive part of the probation fabric for so long that they were considered normal and beyond the capacity of anyone to change. Even those responsible for its daily maintenance were numbed to its perniciousness and wide scope, and thought it fruitless, if not personally detrimental to challenge. Ms. Tavares' descent into this beguiling and seductive mirage of normalcy that for decades pervaded employment practices within the probation department, is a sad example of how smart, otherwise good and decent people, can get lost in the mesmerizing allure of power, and the understandably perceived need for survival in a milieu of state sanctioned discrimination.

It belies reality, and would be grossly unfair, in my opinion, to conclude that Ms. Tavares was an founding member of a power system that actually ensnared her and many others into playing the only game in town. So accepted was the game that many of those not hired can remember having played with vigor, and had they been hired, it is highly likely that they, too, like Ms.Tavares, would have become active members in perpetuating a system they did not create and lacked authority to eliminate. Such was the absorbing force of a politically infused system best described by the adage "adapt or depart".

I am sure, in hindsight, Ms. Tavares wishes she had possessed the wisdom, courage and economic discretion to seek employment elsewhere. Unfortunately, Ms. Tavares' perceived options were not always so apparent to her when she most needed them. She failed herself and the public, because of the blinding glitter, broad acceptance and raw power of the external and prestigious power structure controlling and directing hiring patronage in the probation department.

Ms. Tavares' failure of character was also enabled by a Judiciary that long tolerated, at best, hiring practices in the probation department widely believed to be unfair. This singular fact alone would compel my request for leniency on Ms. Tavares behalf. The inaction, indifference and acquiescence of the Judiciary sent the wrong message of desired cooperation to Ms. Tavares, and others who found it possible to establish a patronage take over of the hiring practices in the probation department. It is one thing for Ms Tavares' conviction to serve as a future deterrent to others, and a corrective administrative and legal measure for probation hiring in the future, it is another to send her to prison, particularly, in the absence of broader systemic accountability.

The allocation of fault for what went wrong in the probation department is much too complex to rest on the weakened shoulder of Ms. Tavares. In the grand scheme of probation failures, it seems incongruous for Ms. Tavares to receive such a legal and public castigation. I would asked the Court not to compound her ordeal by sending her to prison, and furthering the perception that our legal process is more interested in case closure, however selective the prosecution, rather than systemic justice for all.

Like the rest of us, Ms. Tavares is responsible for her professional conduct. Many people suffered loss as a result of the unfair hiring practices in probation, and Ms. Tavares should carry her deserved share of responsibility for having failed to refuse to participate. But, it would be unfortunate, and in my view, unjust, if she is crushed by a sentence of incarceration because of broader failures over which she had no control.

Thank you for your thoughtful consideration of this letter, and I respectfully ask for any compassion you might extend to Ms. Tavares.

Sincerely,

Charles R. Johnson
Judge (Retired)
Massachusetts Trial Court

# Adler|Cohen|Harvey|Wakeman|Guekguezian LLP

**Ellen Epstein Cohen**
ecohen@adlercohen.com
Reply to Boston Office

November 3, 2014

Honorable William G. Young
U.S. District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02210

Re:   Elizabeth Tavares, Esq.

Dear Judge Young:

I am writing this letter on behalf of Elizabeth Tavares, who I know was convicted of charges arising out of the hiring process in the Massachusetts Probation Department between 2000 - 2008.  I have been a member in good standing of the Bar of the Commonwealth of Massachusetts since 1984, the United States Court of Appeals First Circuit and the Supreme Court of the United States.  My practice is limited to civil litigation in the Commonwealth of Massachusetts in both the state and Federal Courts.

My relationsip with Liz Tavares has been a social and personal, rather than professional, one.  I have known Liz for many years, having first become acquainted while working out at the same gym at the same times each week.  Over the years we have discussed our work, families and lives.  As a trial attorney with 31 years of experience, I believe I am skillful at evaluating people, having done so with witnesses and jurors for a long time.  I have found Liz to be a very intelligent, compassionate, and dedicated person.  While our work is very different, with mine focused solely on civil litigation in the defense of healthcare providers, and hers dedicated to improving and enforcing the challenging work of the Probation Department, it has always been clear to me from our discussions that Liz was extremely dedicated to and proud of her work as a public servant, and that she has a very high level of honesty and integrity in her work and her personal life.

With regard to her family and friends Liz embodies what it means to be compassionate, generous and loving.  She always has a kind word if things are not going so well, and a very gentle manner about her.  She is a caring and patient mother, and very dedicated spouse, in a family that is built on love and respect.  I believe Liz is a truly lovely human being, who has always treated me well.

I ask that you take my observations of and comments about Liz Tavares into account when determining sentencing on Novemver 12, 2014.  I do not believe the interests of the Commonwealth would be served by taking Liz away from her family for any period of time.

Sincerely,

Ellen Epstein Cohen
BBO#543136

/EEC

October 7, 2014

Honorable William G. Young
U.S. District Court
District of Massachusetts
One Courthouse Way
Boston, MA, 02465

Dear Judge Young:

My name is Henry Leitao and I am writing in support of my first cousin Elizabeth (Liz) Tavares. Liz and I spent our early years in a three family home on Onley Street in Dorchester, MA. Liz lived on the third floor with her sister, parents and grandmother. I lived on the second floor with my brother, parents and grandparents while another cousin lived on the first floor. Our extended family spent countless hours around the dinner table, in the back yard or in the family room spending time listening to stories told by our parents and grandparents, playing games and just being together. Needless to say, we were very close.

Our parents were immigrants from the Cape Verde Islands and like so many immigrants, they came to this country with nothing more than a hope for a better life for their families. In a very short time they became productive and respected citizens, contributing to their communities. Liz's father worked for Exxon (on one of their ships) which required him to be away for weeks at a time. During this time, Liz's mother managed the home and worked as a seamstress. Both our parents worked very hard and instilled their work ethic and values on us. We were taught to be honest, dedicated, hardworking and respectful. We were also taught that education was very important, Liz embraced these values at an early age.

Eventually, our families moved from Dorchester to the suburbs. Because our families had so many great memories there, my brother and I would joke that if the city had not taken the house by eminent domain, our parents might still be living on Onley St. The memories did not end in Dorchester, our families remained extremely close, spending Holidays and special occasions together. One of our proudest moments was when Liz graduated from law school and became a lawyer. This was a very happy time for all of us, we were all very proud of her accomplishment and excited about her bright future.

Many years have passed since Liz passed the bar and dedicated herself to public service. We have remained extremely close, spending many holidays and special occasions together. We have been raising our own families together for years and I have watched Liz teach her daughter, Izzy the same values that she was taught. I have witnessed Izzy becoming mature, young women with a great future in front of her. Izzy's success is due to the influence of Liz and her partner, Deedee.

I am sure it is not always easy having two moms, but when you provide the type of love, caring and understanding that Liz and Deedee provide, you simply cannot fail. The development of my own children has been positively shaped due to their interactions with Liz and Deedee.

Liz is one of the most caring and thoughtful people that I have ever known. She is honest and loyal and possesses all the qualities that one would aspire to have or to pass onto their children.

In all the years that I have known Liz, her behavior has been that of a model citizen and a role model. Never once did I witness any questionable or dishonest behavior. Liz has always been the voice of reason that chooses to take the high road. My family is very fortunate to have Liz in our lives. The world would be far better with more people like Liz.

As you can see, I have known Liz for a long time and I care deeply for Liz and her family, however, if I did not believe in Liz and her innocence I would not be writing this letter.

Please do not make Liz and her family and friends suffer any more than they have. Liz should be able to continue her life as a productive citizen with the dignity that she deserves and to continue to care for her proud parents and loving family.

Respectfully,

Henry Leitao

Henry Leitao

September 29, 2014

Elizabeth Bates
32 Needhamdale Rd.
Needham, MA 02492

Hon. William G. Young
US District Court
One Courthouse Way
Boston, MA 02210

Dear Judge Young:

I am writing on behalf of Elizabeth (Liz) Tavares who I know was charged
and convicted of offenses relating to the hiring of probation officers.  I
write this letter with a heavy heart in that I have known Liz personally for
15+ years and know that she is incapable of knowingly committing any
crime.

During the 15+ years of our acquaintance, I have admired Liz's character,
her commitment to her career and her love and loyalty to her family and
friends. She has been a devoted mother to her daughter Isabella and a
caring daughter to her parents. She has made her home available to her
parents on a full-time basis, so she can care for them in their very advanced
years. The entire family relies on Liz.

As her friend of 15 years, I know Liz to be a "straight shooter". She is
always kind, thoughtful and diplomatic. Liz is the person who always strived
to do the right thing and imparts this ideal on others.  Liz is civic minded,
she is a conscientious citizen and a caring person.

Liz Tavares, in my opinion and having seen her in many different situations,
that would test anyone's mettle, is simply an honest and good person.

Thank you for your time and consideration of this letter.

Very truly yours,

Elizabeth Bates
CEO and President
Montage, Inc.

Mary R. Littlefield
127 Belknap St.
Concord, Massachusetts 01742
cell:(617)290-7228   e-mail: maryrl@rcn.com

The Honorable William G. Young
United States District Court
District of Massachusetts
1 Courthouse Way
Boston, Massachusetts 02210

September 23, 2014

RE: Elizabeth Tavares

Your Honor:

I have been acquainted with Elizabeth Tavares for eight years and came to
know her especially well when she was my real estate agent for the sale
of my Newton condominium and the purchase of my Concord home
during 2013.

I have worked with realtors in the past and have never felt entirely
comfortable with their individual ethics. Whose interests was each really
representing – mine or their own? I never knew, twice to my financial
detriment.

Liz was another story all together. Not only was she skillful at protecting
my interests, she was utterly straightforward, open, principled, and
honest, even to the point of disagreeing with her superior at the agency
when he suggested not disclosing an issue with my property if the buyer
did not bring it up. Liz would have nothing to do with his approach.

I can say without hesitation that I cannot imagine Liz knowingly
committing a crime. Those of us who have known her over time know her
to be an extremely ethical, measured, hard-working, and thoroughly
decent person. That is perhaps the greatest irony of her situation – Liz
happens to be one of the "good guys," an attorney who feels it is her

personal obligation to uphold the law. I am absolutely certain that if Liz had thought she was being asked to engage in criminal activity, she would not have hesitated to leave her job.

If Liz goes to prison, her daughter will be left without one of her parents, Liz's own elderly parents will be without their primary caretaker, Liz's partner will be left alone to support and raise their child and care for Liz's parents.

Your Honor, I have long known of your contributions to the legal community and the public through conversations with my uncle, John G. Brooks II; my brother Nick Littlefield; and Bea Flaschner, widow of Frank Flaschner. It is with all the respect that I know you have earned over your long career of public service that I entreat you: Please do not sentence Elizabeth Tavares to prison.

Sincerely,

Mary R. Littlefield

September 22, 2014

Honorable William G. Young
U.S. District Court
One Courthouse Way
Boston, MA 02210

Dear Honorable Young:

We, the undersigned, are writing this letter in support of Elizabeth Tavares. We have had the privilege and honor of Liz's friendship for nearly twenty years and we can confirm she is a good person of the utmost character and reputation. When making your decision, we urge you to consider her character and contributions to society.

We first met Liz as our neighbor when she moved next door. Liz was friendly and kind and it didn't take long for us to become close friends. Liz is honest and sincere. She is someone we can depend on and would go out of her way for anyone, especially for friends and family. We have spent holidays, birthdays and vacations together. We have seen first-hand that Liz is an amazing spouse, mother and daughter, as well as a contributor to society through her volunteerism. Liz is a role model for all aspiring for something better. After a 15 minute conversation with Liz anyone would come to the same conclusion she has a great work ethic and of the utmost integrity. In the almost 20 years of our relationship, Liz's integrity is the one characteristic that is in the forefront of her actions.

One of the most important people in Liz's life is her 14 year old daughter, Isabella. As a friend and neighbor observing Liz over these many years, from the days of early morning stroller walks that have evolved to early morning excursions to faraway softball tournaments to support and nurture her daughter. Anyone around her can see the true character of this individual. As a mother, Liz is a vital part in the rearing of this fine young lady; a needed influence in her life.

Liz moved her elderly parents into her home in order to care for them. It is our belief that an extended prison sentence will cause significant harm to the health of her aging parents. They depend on her to take care of them on a daily basis, without this care they could possibly need to move into a facility rather than stay in their home.

We are proud to know Elizabeth Tavares and hope that the court weighs with great consideration the benevolent contributions that she has made and continues to make to those around her and the community at large. Your honor, we are respectfully asking for this Court to show mercy when Elizabeth Tavares is sentenced. We pray you will give heartfelt consideration in making that decision and that you will take into consideration all of the good that Liz has accomplished in her life.

Thank you in advance for your time and for your consideration,

Respectfully,
Dennis and Valerie Razis



Wycliffe K. Grousbeck
Managing Partner & Governor

Boston Celtics
226 Causeway Street
Boston, MA 02114
www.celtics.com
17-TIME WORLD CHAMPIONS

October 14, 2014

The Honorable William G. Young
U.S. District Court - District of Massachusetts
1 Courthouse Way
Boston, MA 02210

Dear Judge Young:

I have personally known Elizabeth Tavares since 1995 and have always
found her in my experience to be a warm, thoughtful, loving parent and
a good friend to me and my family. I'm very saddened by the legal
predicament she faces and find it very difficult to comprehend. I feel
comfortable vouching for her good character and I hope for the best for
her and her family.

Very Truly Yours,

Wyc Grousbeck

October 16, 2014

Honorable William G. Young
U.S. District Court
District of Massachusetts
One Courthouse Way
Boston, MA  02210

Dear Judge Young:

I am writing this letter on behalf of Elizabeth Tavares, who I know was convicted of charges arising out of the hiring process in the Massachusetts Probation Department between 2000 – 2008.

My name is Carl V. Leitao. I am a teacher in the North Attleborough public school system where I've been teaching history for twelve years. I've also worked in various management positions in the computer networking industry for several Massachusetts technology companies. In addition, I have worked as an auxiliary police officer in the Randolph Auxiliary Police Department and as a Special Police Officer for the Randolph Police Department. I am married and the father of two children.

Liz is my first cousin whom I've known my entire life. We grew up in a triple decker house in Dorchester. Her parents, my aunt and uncle, were immigrants who worked hard to purchase a home and provide for their children. Liz and I both attended St. Peters elementary school until her family moved to Canton in 1967. Liz and I remained close throughout her high school, college and professional career. In short, Liz is like a sister to me. I know her very well and believe I'm qualified to speak about her character.

One of Liz's main attributes has always been her work ethic. She has always been a hard worker who strives to achieve a high standard of excellence. I saw this trait in her as a child and throughout her many achievements in life. I can tell you that Liz is honest, loyal, sincere and of the highest integrity. You would never find a more dedicated employee. She takes pride in her job and has always shown diligence and conscientiousness in every task she performs. She is truly a warm and genuine person. Liz is simply not capable of dishonesty.

Liz is also family oriented and has taken on the task of caring for her aging parents. She has a family of her own but is committed to proving a comfortable home for her parents. She is irreplaceable.

I respectfully ask you for your consideration when sentencing Liz on November 12, 2014. She is a good, honest and caring person with so much to offer. Being put through this ordeal has already taken a tremendous toll on her and her family.

Sincerely,

Carl V. Leitao

Judge William G. Young
District of Massachusetts
US District Court
1 Courthouse Way
Boston, Mass. 09910

September 18,2014

RE: Elizabeth Tavares

Dear Judge Young,

When I attended opening arguments the first day of the trial, I found myself
chatting with a security officer near the exit. He asked me which defendant I was
there supporting, and when I said Liz Tavares, he replied, "Nice woman." Very
true. Liz is also smart, caring and hardworking. And honest. Observing Liz in the
role of parent to her 14-year-old daughter, Isabella, and partner to her spouse,
Deedee Antonelli, it is apparent how devoted and loving she is, and why such
serious federal charges could never be imagined by anyone who knows her.

Liz and I met through Deedee some 16 years ago. Since that time, Liz was
promoted three times at the Office of Probation. Her last promotion was First
Deputy Commissioner of Probation. Whenever we talked, her countenance
conveyed dedication to her job and the department. She loved her work. She
was employed by the probation office for 30 years, giving it all she had. Her
efforts were always motivated by what was best for her department, not what
was expedient for herself. It came as no surprise when a prosecution witness
reported that Liz was the best supervisor she ever had.

When the Ware report unfolded in the news in November, 2010, I asked Liz
pointedly what prompted her to do what she did. She responded by saying Jack
gave her names to give to the panel overseeing hiring. A loyal and obedient
soldier, Liz was following orders. As our conversation progressed, she added, "It
was in the culture, from the judges to the Hill". She truly didn't think she had
done anything wrong, let alone something that could be considered a crime.

For years I have been active in political campaigns, locally and nationally.
Patronage is ubiquitous—the sine qua non of politics, whether ambassador
appointments or congressional staffing or rewarding those who bundle campaign
funds. So when Liz told me her story, I understood why she felt okay passing
along names. Never could I have conceived her guilty of anything dishonest. I
still don't. In fact, Liz became a real estate broker to supplement the family
income after resigning from probation, but is thinking of giving it up because she

doesn't like selling houses to buyers when she doesn'tbelieve in the property herself!

Liz has already been punished enough. She was humiliated in public; she lost her job; and she has incurred legal bills that keep her up at night. This doesn't even begin to touch the awful emotional pain she and her family have had to endure. If the sentence holds up, she will be a convicted felon who will lose her law license and what remains of her already fractured pension.

Liz is one of the good people. Any employer would be lucky to have her. To hear her portrayed as guilty of conspiracy, fraud, and racketeering just doesn't compute.

When I was a young girl, my stepfather, a prominent Boston attorney in the 50's and 60's, often quoted Counselor Joseph Welch addressing Senator McCarthy during the Army-McCarthy Hearings: "Have you no sense of decency, Sir?" When it comes to Liz, I hope the wisdom and decency of the court prevails.

Sincerely,

*Margaret Sherin*

September 18, 2014

Honorable William G. Young
U.S. District Court
One Courthouse Way
Boston, MA 02210

Dear Justice Young,

I understand that it is typical to write of a person's good acts or outstanding character when writing a request for leniency in sentencing. It would be easy to do so for my aunt, Liz Tavares, as I have only known her as an upstanding citizen. It would be easy to plead for leniency because she takes care of my elderly grandparents (88 & 90 years old!), or because she is a good mother to her daughter who just started her first year of high school, or because she is honest, hard-working, and doesn't deserve to be convicted of the charges the prosecution brought against her.

But I am sure you have heard many of those arguments before. How can you differentiate between what is true and what is just someone begging for her loved one to stay out of prison?

So, instead, I hope to write a letter that shows that Liz is a real person, with faults and strengths, whom I love very dearly.

The first thing that I think of when I think of my aunt is how she busted me in high school for throwing a party when my parents were out of town. Perhaps this isn't germane to her court case, but to me, it reminds me of the first time that I knew that Liz had a greater strength of character than I had ever imagined. She is six years younger than my mother, she hadn't been married yet, and she always took my sister and me to her friends' houses to go swimming or have a barbecue - in short, she was the "cool" aunt. I thought that she would let me slide on the party in order to keep her coolness level intact. No such luck. The long story short is that I ended up grounded for two months, felt beyond embarrassed in front of my friends, and never had an unsanctioned party again. I also ended up going to an Ivy League school, graduating magna cum laude, and I have successfully run my own tutoring business for the last 10 years. Is it all because Liz shut down my party? No, of course not. But is it in part because of how she taught me a lesson that night? I would say so.

Liz probably doesn't even know that this is how I think about her. In our family, we don't demonstratively express our emotions. Perhaps it's something of the Portuguese heritage. My grandfather is a real salt-of-the-earth type of man who served in the Merchant Marines, often away from home for months at a time when Liz was growing up. He has the biggest heart, even if the smallest words. We don't often say, "I appreciate you" or "I admire what you did" or even "I love you". It feels awkward and uncomfortable, although it is true. One thing I've never told Liz to her face is how much I admire that she put herself through law school, at what I thought at the time to be very old to go back to school (30 years old to be exact). I was young and didn't know that it takes your 20's to figure out what you want to do in life. Only now that I'm 34 do I realize how brave her decision was. My mother was always the academic star (having graduated from Brandeis and consequently getting two masters degrees) - Liz was not. I don't

September 18, 2014

Honorable William G. Young
U.S. District Court
One Courthouse Way
Boston, MA 02210

Dear Justice Young,

I understand that it is typical to write of a person's good acts or outstanding character when writing a request for leniency in sentencing. It would be easy to do so for my aunt, Liz Tavares, as I have only known her as an upstanding citizen. It would be easy to plead for leniency because she takes care of my elderly grandparents (88 & 90 years old!), or because she is a good mother to her daughter who just started her first year of high school, or because she is honest, hard-working, and doesn't deserve to be convicted of the charges the prosecution brought against her.

But I am sure you have heard many of those arguments before. How can you differentiate between what is true and what is just someone begging for her loved one to stay out of prison?

So, instead, I hope to write a letter that shows that Liz is a real person, with faults and strengths, whom I love very dearly.

The first thing that I think of when I think of my aunt is how she busted me in high school for throwing a party when my parents were out of town. Perhaps this isn't germane to her court case, but to me, it reminds me of the first time that I knew that Liz had a greater strength of character than I had ever imagined. She is six years younger than my mother, she hadn't been married yet, and she always took my sister and me to her friends' houses to go swimming or have a barbecue - in short, she was the "cool" aunt. I thought that she would let me slide on the party in order to keep her coolness level intact. No such luck. The long story short is that I ended up grounded for two months, felt beyond embarrassed in front of my friends, and never had an unsanctioned party again. I also ended up going to an Ivy League school, graduating magna cum laude, and I have successfully run my own tutoring business for the last 10 years. Is it all because Liz shut down my party? No, of course not. But is it in part because of how she taught me a lesson that night? I would say so.

Liz probably doesn't even know that this is how I think about her. In our family, we don't demonstratively express our emotions. Perhaps it's something of the Portuguese heritage. My grandfather is a real salt-of-the-earth type of man who served in the Merchant Marines, often away from home for months at a time when Liz was growing up. He has the biggest heart, even if the smallest words. We don't often say, "I appreciate you" or "I admire what you did" or even "I love you". It feels awkward and uncomfortable, although it is true. One thing I've never told Liz to her face is how much I admire that she put herself through law school, at what I thought at the time to be very old to go back to school (30 years old to be exact). I was young and didn't know that it takes your 20's to figure out what you want to do in life. Only now that I'm 34 do I realize how brave her decision was. My mother was always the academic star (having graduated from Brandeis and consequently getting two masters degrees) - Liz was not. I don't

September 18, 2014

Honorable William G. Young
U.S. District Court
One Courthouse Way
Boston, MA 02210

know what made her think that she could do it, but I know that when she graduated, I had never
seen my grandparents so happy and so proud. Years later, she took me to work with her and I
remember going to the courthouse and getting to meet some of her colleagues. I was incredibly
intimidated but also proud to stand next to my aunt as she introduced me around. She loved her
job so much and was so excited to explain it to me. Even throughout this trial, as I would call
from California to check in on her and what was happening, she would tell me that she found
the whole process fascinating... if only it weren't happening to her. She was so lucky to actually
find a job that she was passionate about, it must have been devastating to have it all come
crashing down - particularly when I know that she never felt she did anything for personal gain.
She was doing her job to the best of her capabilities, because she loved it.

To me, Liz is kind, smart, goofy, funny, a mediocre singer, loving, occasionally awkward,
generous, brave, resilient, beautiful, honest... How do you sit down and write a letter that
encapsulates all of these qualities? And how do you convince someone that you've never met
that Liz and her family should remain intact and be able to put this whole ordeal behind them? I
guess all you can do is share some stories and then beg. So, I beg you, with all of my heart, to
please take Liz, the whole person, into consideration when thinking of her future. Putting the
politics of Massachusetts and this case aside, I know in the deepest part of my soul that Liz
would never, EVER, do something deliberately illegal or underhanded.

Thank you for your consideration.

With much respect,

Elaine Loh

Elaine Loh

SEYMOUR SALETT
209 Upland Ave.
Newton, MA 02461
Telephone : 617 332 7167

August 30, 2014

Honorable William Young
United States District Court
District of Massachusetts
1 Courthouse Way
Boston, Massachusetts. O2210

Dear Judge Young,

I am writing this letter on behalf of Elizabeth Tavares, who I know was
convicted on July 24, 2014, of several charges stemming from the former
Commissioner of Probation, Jack O'Brien case. I understand that the
charges arose out of the hiring process in the Massachusetts Probation
Department between 2000 - 2008. I have known Liz for the last 12 years.
During that time I have known her to be honorable, warm, and concerned

for other people. She's a loving mother to Isabella and participates in her
school and local activities.  They would often times come over to our pool
and spend family time.
I have always found her to be very compassionate for other less fortunate
people.  Her public service to the probation service for 30 years is a
testament to her thoughtfulness and her commitment to individuals who
wish to change their lives for the better.
I encourage you to see Liz outside of these horrific charges and take into
consideration her stellar character, her warmth, and her desire to do her
best in all circumstances.
Best regards,

Seymour Salett

25 Anderson Road
#08-05 Avalon
Singapore 259986

Honorable William Young
U.S. District Court
District of Massachusetts
1 Courthouse Way
Boston, MA 02210

Dear Judge Young:

I am writing to you in regard to my sister Liz (Elizabeth) Tavares who was recently charged and convicted in the probation case. I want you to really know more about Liz – her character, her life and family. But first let me tell you a bit about me. I'm the elder of the two of us. I live in Singapore and have been returning to the US twice a year for the past 10 years (previously only once per year). In between, I'm in constant touch with the family. I have held management positions in education, publishing and technology. I'm married with 2 adult daughters – one in Indonesia and one in Los Angeles.

Our parents, Ana aged 88 and Eduardo aged 90, were immigrants from Brava, Cape Verde Islands and followed the American Dream. Mom worked first as a seamstress in Boston and later as a school cafeteria worker in Sharon while Dad was a cook in the Merchant Marines (Exxon) and then with hospital food services in Norwood. They instilled in us a strong sense of duty to family, work and community; a strong work ethic where diligence, hard work, and integrity lead to professional success; and of course, the importance of education and continuous improvement.

Liz has demonstrated these traits throughout her life. She pushed herself to get a good education starting with Massasoit Community College, a BA at Fitchburg State and on to an MA in Criminal Justice at BU and JD at Suffolk. She held various jobs during these years to pay her school bills while keeping up with her studies. She worked her way up in probation gaining recognition for good work and leadership skills. Even during this difficult period after leaving probation, she is working to establish herself in real estate in order to support the family. She continues to do volunteer work through the local community center, although I am not certain if she had to give that up given the circumstances.

Liz has a close and loving family – a life partner DeeDee and an early-teenage daughter Izzy (and 3 cute Yorkies). Liz shares equally in the running of the household and the raising of their daughter. You will usually find Liz supporting Izzy's various softball teams on week day nights and weekends. DeeDee also has been a coach even though she's busy running a fitness gym and programs for girl athletes. This is a big year for Izzy as she transitions from her small school to the large Newton High School. Liz and DeeDee have tried to maintain a "normal" family life over these last 4 years. You can imagine how challenging it has been and will continue to be.

In addition to a busy family and professional life, Liz is also the main caregiver of our parents as I live so far away. Our goal is to keep our parents in the home environment for as long as we can. Hence, several years ago, we convinced Mom and Dad to move into Liz's 1st floor apartment – it's a 2-family. Liz is more readily available to provide support in terms of medication oversight, doctor appointments, emergencies (we've had a couple already), some daily living activities and even companionship. Mom has diabetes, high blood pressure and high cholesterol, all managed by medication. The real problems are her loss of mobility (she's unable to walk more than a few paces on her own without resting) and the onset of dementia – mostly affecting memory. Dad is also managing high blood pressure and cholesterol through medication. He's showing signs of early Parkinson's. So Liz has her hands full on a daily basis. We're not sure how we will manage their care going forward. We are looking into what support services might be available at reasonable cost.

As you can see, Liz is the type of person you would want as a relative, friend or employee. She plays an important role in many people's lives.

I hope that you will take all the above information into account when making your decision.

Thank you for your attention.
Sincerely,
Yvonne Tavares Loh

Yvonne T. Loh.